03CV674amdComp
03CV674amdcomp1

FILED

2003 DEC 15 P 12: 12

US D...
D...

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD SCHIRILLO, AUGUSTO CORREIA, RANDOLPH BOND, and RONALD BRENTON<br><br>Plaintiffs,<br><br>Vs.<br><br>TOWN OF STRATFORD, and in their individual and official capacities EILEEN MURPHY, MICHAEL FEENEY, DORINDA BORER, MARK BARNHART, JACK OBERNESSOR, MICHAEL SINGH, and SANDRA ZALIK<br><br>Defendants. | CIVIL ACTION NO. 3:03CV674(WWE)<br><br><br>November 3, 2003<br><br><br><br>The plaintiffs demand a trial by jury. |

## FIRST AMENDED COMPLAINT

### I. INTRODUCTION

1.      This action is brought by plaintiffs against defendants, who acting under color of state and federal law, charter, ordinance, regulation, custom or usage, have unlawfully violated their constitutional rights by depriving them of their property interests without due process of law. More particularly, defendants refused and/or failed to provide a forum or process by which plaintiffs, vested with a legally cognizable property interest in the same benefits mandated for

Municipal Fire and Police personnel under C.G.S. § 7-433c, could pursue such benefits according to fundamental rules of fairness. Defendants further refused and/or failed to provide plaintiffs with any notice or information reasonably calculated to apprise them of the process by which they could attain said benefits.

## II. NATURE OF ACTION

2. This action arises under Title 42 U.S.C. § 1983 and the Due Process Clauses of the Fourteenth Amendment to the United States Constitution; article first, § 1 and article first § 10 of the constitution of Connecticut; and state common law claims of tortious interference with contract, breach of contract and breach of the implied covenant of good faith and fair dealing.

## III. JURISDICTION

3. This court's jurisdiction is invoked pursuant to Title 28 U.S.C. § 1331 and the aforementioned constitutional provision. Plaintiffs further invoke Title 28 U.S.C. § 1367, the pendent jurisdiction of this court to hear and decide claims based on Connecticut's state constitution and common law.

## IV. PARTIES

4. Plaintiff Richard Schirillo is an individual retired from his employment as a water treatment plant operator, from October 25, 1966 through February 22, 1999, for the defendant

Town of Stratford.

5. Plaintiff Augusto Correia is an individual retired from his employment as a water treatment plant operator, from December 28, 1972 through May 8, 1998, for the defendant Town of Stratford.

6. Plaintiff Randolph Bond is an individual retired from his employment as a water treatment plant operator, from July 1, 1973 through March 6, 1998, for the defendant Town of Stratford.

7. Plaintiff Ronald Brenton is an individual retired from his employment as a superintendent of the water treatment plant, from January 20, 1972 through January 2001, for the defendant Town of Stratford.

8. Defendant Town of Stratford (hereinafter "Town"), is a duly chartered Connecticut municipality.

9. During times material to this complaint, Defendant Eileen Murphy was the Insurance Coordinator for the Town of Stratford and is sued in her official and individual capacity.

10. During times material to this complaint, Defendant Michael Feeney was Town Manager for the Town of Stratford and is sued in his official and individual capacity.

11. During times material to this complaint, Defendant Dorinda Borer was Director of Human Resources for the Town of Stratford and is sued in her official and individual capacity.

12. During times material to this complaint, Defendant Mark Barnhart was Town Manager for the Town of Stratford and is sued in his official and individual capacity.

13. During times material to this complaint, Defendant Jack Obernessor was the Director of Human Resources for the Town of Stratford and is sued in his official and individual capacity.

14. During times material to this complaint, Defendant Michael Singh was Chairman of the Pension Board for the Town of Stratford and is sued in his official and individual capacity.

15. During times material to this complaint, Defendant Sandra Zalik was Chairman of the Pension Board for the Town of Stratford and is sued in her official and individual capacity.

## V. CAUSES OF ACTION

### FIRST CLAIM (Schirillo)

#### Due Process

(§ 1983 - FOURTEENTH AMENDMENT - UNITED STATES CONSTITUTION)

16. Plaintiff Schirillo was actively employed as a treatment plant operator at the defendant Town's water pollution control facility from October 25, 1966 until at least September

4

15, 1998.

17. Prior to Schirillo's employment with the Town he successfully passed a physical examination which showed no evidence of hypertension or heart disease.

18. From his hire on or about October 25, 1966, until at least September 15, 1998, Schirillo was a member of the collective bargaining unit represented by the Stratford Public Works Employees Association Local No. 134, affiliate of the International Federation of Professional and Technical Engineers, AFL-CIO-CLC (hereinafter "Union").

19. From September 15, 1994 through at least September 15, 1998, plaintiff Schirillo and defendant Town were subject to a collective bargaining agreement (hereinafter "agreement"), which contained the following relevant provisions under "Article 13 – Pensions":

> Section 13.3 Effective April 1, 1974, the Municipality shall provide all members of the Bargaining Unit with the hypertension or heart disease benefits mandated for Municipal Fire and Police personnel under P.A.[71-] 524 under the same terms and conditions as set forth in said Public Act provided, however that any new employee hired on or after November 1, 1978 shall not be eligible for hypertension or heart disease benefits.

20. P.A. 71-524, now codified as C.G.S. § 7-433c, requires municipal employees

subject to its provisions to assert claims for benefits according to procedures set forth in Chapter 568 of the Connecticut General Statutes, the Connecticut Workers' Compensation Act (hereinafter, "the Act").

21. On or about October 26, 1998, Schirillo filed a timely notice of claim with the defendant, Town of Stratford, for hypertension or heart disease benefits provided under Section 13.3 of the Agreement (hereinafter "13.3 Benefits") in accordance with procedures set forth in the Act, C.G.S. § 31-294c(a).

22. Through its agents, servants and/or representatives, defendant Stratford issued a formal denial of Schirillo's claim for the 13.3 Benefits in accordance with procedures set forth in the Act, C.G.S. § 31-294c(b).

23. Although the Workers' Compensation Commission accepted the filings by plaintiff Schirillo and defendant Town, assigning the claim docket No.400035111, the Town objected to proceeding in the Workers' Compensation forum on grounds that the Commission lacked subject matter jurisdiction.

24. With the exception that he is not a municipal police or firefighter whose claim can be heard and adjudicated by the Workers' Compensation Commission, Schirillo qualifies for and is entitled to the same hypertension or heart disease benefits set forth in C.G.S. § 7-433c.

25. Article 17 of the Agreement sets forth a grievance procedure that is limited to resolving disputes between the defendant Town of Stratford and "any employee or group of employees concerning the interpretation, application or violation of the Provisions of the Agreement."

26. Plaintiff Schirillo is not subject to the Grievance Procedure and Arbitration provisions of Article 17 of the Agreement as he is not an employee of the Municipality.

27. Defendants led plaintiff Schirillo to believe that the Town's Pension Board would hear and, if necessary, adjudicate, his claim for the 13.3 Benefits.

28. On or about June 7, 2000, the Town approved plaintiff Schirillo's February 19, 1999 disability pension application, which included a claim for 13.3 benefits, based on his hypertension and/or heart disease.

29. Despite demand therefor, defendant Town refused and continues to refuse to provide those benefits to which plaintiff Schirillo is entitled pursuant to Section 13.3 of the Agreement.

30. Despite demand therefor, defendant Town refused and continues to refuse to provide those benefits to which plaintiff Schirillo is entitled pursuant to the approval of his disability pension application.

31. Despite demand therefor, defendant Town refused and continues to refuse to provide plaintiff with adequate notice or meaningful information as to where and how he can pursue his claim for 13.3 Benefits.

32. Defendants, each and all of them, and by and through their agents, employees and/or representatives, violated plaintiff's constitutional rights by depriving him of his property interest in the benefits afforded him pursuant to Section 13.3 of the Agreement without due process of law in one or more of the following respects:

    a. Defendants refused and/or failed to provide a forum or process by which said plaintiff's claim for 13.3 Benefits could be heard and decided according to fundamental rules of fairness.

    b. Defendants refused and/or failed to disclose the appropriate method or process by which said plaintiff could pursue 13.3 Benefits.

    c. Defendants refused and/or failed to follow, devise or implement basic rules and procedures afforded to police and fire personnel pursuant to P.A. 524, now codified as C.G.S. § 7-433c, to facilitate and process claims for 13.3 Benefits.

    d. Defendants denied said plaintiff a rational, objective, or standardized process by which he could pursue, let alone secure, 13.3 Benefits.

e. Defendants refused and/or failed to provide said plaintiff with any notice or information reasonably calculated to apprise him of the procedure by which he could attain 13.3 Benefits.

f. Defendants refused and/or failed to provide meaningful information as to how, where and when to pursue said plaintiff's claim for 13.3 Benefits.

g. Defendants made false or misleading representations with the intent to deceive said plaintiff and thereby deprive him of 13.3 Benefits.

h. Defendants omitted information or kept information from said plaintiff and his representatives with the intent to deprive him of 13.3 Benefits.

i. Defendants acted willfully, wantonly, maliciously and/or in bad faith to deprive said plaintiff the benefits due him pursuant to the Agreement.

33. Said plaintiff has been forced by the defendants' actions to undergo the expense of employing counsel to vindicate his constitutional and other civil rights.

34. The defendant is not privileged in its actions by either qualified or absolute immunity.

35. During all times relevant to this complaint, said plaintiff was deprived of a fair and meaningful opportunity to be heard.

36. Defendants failed to secure to said plaintiff, unlawfully deprived said plaintiff, or caused said plaintiff to be unlawfully deprived of rights secured to him by the United States Constitution pursuant to Title 42 U.S.C. § 1983, et seq. by their promotion and acquiescence of the aforementioned activities.

37. Defendants, acting under color of state and federal law, charter, ordinance, regulation, custom or usage, have unlawfully violated said plaintiff's constitutional rights by depriving him of his property interests in certain rights and benefits without due process of law.

38. The action of the defendants were and are extreme and outrageous, shocking to the sensibilities of any reasonable person and will continue to harm said plaintiff unless remedied by the Court.

39. As a result of the violation of plaintiff Schirillo's civil rights, as aforesaid, he was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

## SECOND CLAIM (Schirillo)

## DUE PROCESS

**(Article First § 1 of the Constitution of Connecticut)**

40. Paragraphs 1 through 38 of the Complaint are hereby incorporated and made a

part of the Second Claim as if fully set forth herein.

41. Defendants' aforementioned actions constitute a violation of plaintiff Schirillo's rights to due process under article first § 1 of the constitution of Connecticut.

42. As a result of the violation of Plaintiff Schirillo's civil rights, as aforesaid, he was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

### THIRD CLAIM (Schirillo)

### DUE PROCESS

**(Article First § 10 of the Constitution of Connecticut)**

43. Paragraphs 1 through 38 of the Complaint are hereby incorporated and made a part of the Third Claim as if fully set forth herein.

44. Defendants' aforementioned actions constitute a violation of plaintiff Schirillo's rights to due process under article first § 10 of the constitution of Connecticut.

45. As a result of the violation of Plaintiff Schirillo's civil rights, as aforesaid, he was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

### **FOURTH CLAIM (Schirillo)**

### **Breach of the Implied Covenant of Good Faith and Fair Dealing**

(STATE COMMON LAW - TORT)

46. Paragraphs 1 through 38 of the Complaint are hereby incorporated and made a part of the Fourth Claim as if fully set forth herein.

47. Defendant Town of Stratford breached the implied covenant of good faith and fair dealing inherent in the Agreement and in its relationship with pensioned former employees and, in doing so, caused plaintiff Schirillo to suffer significant financial loss.

48. As a result of the Defendants' tortious conduct, as aforesaid, plaintiff Schirillo was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

### **FIFTH CLAIM (Schirillo)**

### **Breach of Contract**

(STATE COMMON LAW - CONTRACT)

49. Paragraphs 1 through 38 of the Complaint are hereby incorporated and made a part of the Fifth Claim as if fully set forth herein.

50. The defendant Town's refusal and/or failure to provide the plaintiff Schirillo

benefits pursuant to Section 13.3 of the Agreement is a violation of its terms.

51.   As a result of the defendant Town's violation of the Agreement, as aforesaid, plaintiff Schirillo was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

## SIXTH CLAIM (Schirillo)

### Tortious Interference With Contract

(STATE COMMON LAW - TORT)

52.   Paragraphs 1 through 38 of the Complaint are hereby incorporated and made a part of the Sixth Claim as if fully set forth herein.

53.   As a result of the individual Defendants' tortious interference with plaintiff Schirillo's contract with defendant Town, as aforesaid, he was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

## SEVENTH CLAIM (Correia)

### Due Process

(§1983 - FOURTEENTH AMENDMENT - UNITED STATES CONSTITUTION)

54.   Paragraphs 1 through 15 of the Complaint are hereby incorporated and made a

part of the Seventh Claim as if fully set forth herein.

55.     The plaintiff, Augusto Correia, was actively employed as a treatment plant operator at the defendant Town's water pollution control facility from December 28, 1972 until at least January 15, 1998.

56.     Prior to Correia's employment with the Town he successfully passed a physical examination which showed no evidence of hypertension or heart disease.

57.     From his hire on or about December 28, 1972, until at least January 15, 1998, Correia was a member of the collective bargaining unit represented by the Stratford Public Works Employees Association Local No. 134, affiliate of the International Federation of Professional and Technical Engineers, AFL-CIO-CLC (hereinafter "Union").

58.     From September 15, 1994 through at least January 15, 1998, plaintiff Correia and defendant Town were subject to a collective bargaining agreement which contained the following relevant provisions provided under "Article 13 – Pensions":

> Section 13.3  Effective April 1, 1974, the Municipality shall provide all members of the Bargaining Unit with the hypertension or heart disease benefits mandated for Municipal Fire and Police personnel under P.A. [71-]524 under the same terms and conditions as set forth in said Public Act provided, however that any

14

    new employee hired on or after November 1, 1978 shall not be eligible for

    hypertension or heart disease benefits.

  59.  P.A. 71-524, now codified as C.G.S. § 7-433c, requires municipal employees subject to its provisions to assert claims for benefits according to procedures set forth in Chapter 568 of the Connecticut General Statutes, the Connecticut Workers' Compensation Act.

  60.  On or about July 21, 1997, Correia filed a timely notice of claim with the defendant, Town of Stratford, for hypertension or heart disease benefits provided under Section 13.3 of the Agreement in accordance with procedures set forth in the Act, C.G.S. § 31-294c(a).

  61.  Through its agents, servants or representatives, defendant Stratford issued a formal denial of Correia's claim for the 13.3 Benefits in accordance with procedures set forth in the Act, C.G.S. § 31-294c(b).

  62.  Although the Workers' Compensation Commission accepted the filings by plaintiff Correia and defendant Town, the Town objected to proceeding in the Workers' Compensation forum on grounds that the Commission lacked subject matter jurisdiction.

  63.  With the exception that he is not a municipal police or firefighter whose claim can be heard and adjudicated by the Workers' Compensation Commission, Correia qualifies for and is entitled to the same hypertension or heart disease benefits set forth in C.G.S. § 7-433c.

64. Defendants led plaintiff Correia to believe that the Town's Pension Board would hear and, if necessary, adjudicate, his claim for the 13.3 Benefits.

65. On or about August 5, 1998, the Town approved plaintiff Correia's May 7, 1998 disability pension application, which included a claim for 13.3 benefits, based on his hypertension and/or heart disease.

66. Despite demand therefor, defendant Town refused and continues to refuse to provide those benefits to which said plaintiff is entitled pursuant to Section 13.3 of the Agreement.

67. Despite demand therefor, defendant Town refused and continues to refuse to provide those benefits to which plaintiff is entitled pursuant to the approval of his disability pension application.

68. Despite demand therefor, defendant Town refused and continues to refuse to provide said plaintiff with adequate notice or meaningful information as to where and how he can pursue his claim for 13.3 Benefits.

69. Plaintiff, getting nowhere in all his attempts to secure the 13.3 Benefits in conformity with the disability pension already granted him, Defendants intentionally, maliciously and/or wantonly, mislead said plaintiff to believe that his claim for the 13.3 Benefits was

arbitrable and would be fully heard and adjudicated, according to fundamental rules of fairness, via the arbitration procedures set forth in the Agreement.

70. Pursuant to the good faith belief in defendants' aforementioned representations, said plaintiff pursued his claim for the 13.3 Benefits in accordance with Article 17 of the Agreement only to be denied, by decision dated April 18, 2000, a full and fair hearing on his substantive claim as a result of the arbitration panel's acceptance of Defendants' disingenuous, contrived and unjust allegation that the technical time requirements of Article 17 were not met and the subject grievance was not, therefor, arbitrable.

71. Article 17 of the Collective Bargaining Agreement sets forth a grievance procedure that is limited to resolving disputes between the defendant Town and "any employee or group of employees concerning the interpretation, application or violation of the Provisions of the Agreement."

72. Said plaintiff is not subject to the Grievance Procedure and Arbitration provisions of Article 17 of the Agreement as he is neither an employee of the Municipality or current member of the Union.

73. Defendants, each and all of them, and by and through their agents, employees and/or representatives, violated plaintiff Correia's constitutional rights by depriving him of his

17

property interest in the benefits afforded him pursuant to Section 13.3 of the Agreement without due process of law in one or more of the respects set forth in Subparagraphs (a) through (i) of Paragraph 32 of the First Claim, which allegations are hereby incorporated and made a part of the Seventh Claim as if fully set forth herein.

74. Paragraphs 33 through 38 of the Complaint are hereby incorporated and made a part of the Seventh Claim as if fully set forth herein.

75. As a result of the violation of plaintiff Correia's civil rights, as aforesaid, he was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

## EIGHTH CLAIM (Correia)

### DUE PROCESS

**(Article First § 1 of the Constitution of Connecticut)**

76. Paragraphs 54 through 74 of the Complaint are hereby incorporated and made a part of the Eighth Claim as if fully set forth herein.

77. Defendants' aforementioned actions constitute a violation of plaintiff Correia's rights to due process under article first § 1 of the constitution of Connecticut.

78. As a result of the violation of plaintiff Correia's civil rights, as aforesaid, he was

18

caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

## NINTH CLAIM (Correia)

### DUE PROCESS

**(Article First § 10 of the Constitution of Connecticut)**

79. Paragraphs 54 through 74 of the Complaint are hereby incorporated and made a part of the Ninth Claim as if fully set forth herein.

80. Defendants' aforementioned actions constitute a violation of plaintiff Correia's rights to due process under article first § 10 of the constitution of Connecticut.

81. As a result of the violation of plaintiff Correia's civil rights, as aforesaid, he was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

## TENTH CLAIM (Correia)

### Breach of the Implied Covenant of Good Faith and Fair Dealing

(STATE COMMON LAW - TORT)

82. Paragraphs 54 through 74 of the Complaint are hereby incorporated and made a part of the Tenth Claim as if fully set forth herein.

19

83.     Defendant Town of Stratford breached the implied covenant of good faith and fair dealing inherent in the Agreement and in its relationship with pensioned former employees and, in doing so, caused plaintiff Correia to suffer significant financial loss.

84.     As a result of the Defendants' tortious conduct, as aforesaid, plaintiff Correia was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

## ELEVENTH CLAIM (Correia)

### Breach of Contract

(STATE COMMON LAW)

85.     Paragraphs 54 through 74 of the Complaint are hereby incorporated and made a part of the Eleventh Claim as if fully set forth herein.

86.     The defendant Town's refusal and/or failure to provide the plaintiff Correia with benefits pursuant to Section 13.3 of the Agreement is a violation of its terms.

87.     As a result of the defendant Town's violation of the Agreement, as aforesaid, plaintiff Correia was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.