**TWELFTH CLAIM (Correia)**

**Tortious Interference With Contract**

(STATE COMMON LAW - TORT)

88.    Paragraphs 54 through 74 of the Complaint are hereby incorporated and made a part of the Twelfth Claim as if fully set forth herein.

89.    As a result of the individual Defendants' tortious interference with plaintiff Correia's contract with defendant Town, as aforesaid, he was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

**THIRTEENTH CLAIM (Bond)**

**Due Process**

(§ 1983 - FOURTEENTH AMENDMENT - UNITED STATES CONSTITUTION)

90.    Paragraphs 1 through 15 of the Complaint are hereby incorporated and made a part of the Thirteenth Claim as if fully set forth herein.

91.    The plaintiff, Randolph Bond, was actively employed as a treatment plant operator at the defendant Town's water pollution control facility from July 1, 1973 until at least April 3, 1998.

21

92.    Prior to Bond's employment with the Town he successfully passed a physical

examination which showed no evidence of hypertension or heart disease.

93.    From his hire on or about July 1, 1973 until at least April 3, 1998, Bond was a

member of the collective bargaining unit represented by the Stratford Public Works Employees

Association Local No. 134, affiliate of the International Federation of Professional and Technical

Engineers, AFL-CIO-CLC.

94.    From September 15, 1994 through at least April 3, 1998, plaintiff Bond and

defendant Town were subject to a collective bargaining agreement which contained the following

relevant provisions provided under "Article 13 – Pensions":

> Section 13.3  Effective April 1, 1974, the Municipality shall provide all members
>
> of the Bargaining Unit with the hypertension or heart disease benefits mandated
>
> for Municipal Fire and Police personnel under P.A. [71-]524 under the same
>
> terms and conditions as set forth in said Public Act provided, however that any
>
> new employee hired on or after November 1, 1978 shall not be eligible for
>
> hypertension or heart disease benefits.

95.    P.A. 71-524, now codified as C.G.S. § 7-433c, requires municipal employees

subject to its provisions to assert claims for benefits according to procedures set forth in Chapter

22

568 of the Connecticut General Statutes, the Connecticut Workers' Compensation Act.

96.    On or about February 5, 1997, Bond filed a timely notice of claim with the defendant, Town of Stratford, for hypertension or heart disease benefits provided under Section 13.3 of the Agreement in accordance with procedures set forth in the Act, C.G.S. § 31-294c(a).

97.    Through its agents, servants and/or representatives, defendant Stratford issued a formal denial of Bond's claim for the 13.3 Benefits in accordance with procedures set forth in the Act, C.G.S. § 31-294c(b).

98.    Although the Workers' Compensation Commission accepted the filings by plaintiff Bond and defendant Town, assigning the claim docket No.400028575, the Town objected to proceeding in the Workers' Compensation forum on grounds that the Commission lacked subject matter jurisdiction.

99.    With the exception that he is not a municipal police or firefighter whose claim can be heard and adjudicated by the Workers' Compensation Commission, Bond qualifies for and is entitled to the same hypertension or heart disease benefits set forth in C.G.S. § 7-433c.

100.    Defendants led plaintiff Bond to believe that the Town's Pension Board would hear and, if necessary, adjudicate, his claim for the 13.3 Benefits.

101.    On or about August 5, 1998, the Town approved plaintiff Bond's January 23,

23

1998 disability pension application, which included a claim for 13.3 benefits, based on his hypertension and/or heart disease.

102.     Paragraphs 66 through 72 of the Complaint are hereby incorporated and made a part of the Thirteenth Claim as if fully set forth herein.

103.     Defendants, each and all of them, and by and through their agents, employees and/or representatives, violated plaintiff Bond's constitutional rights by depriving him of his property interest in the benefits afforded him pursuant to Section 13.3 of the Agreement without due process of law in one or more of the respects set forth in Subparagraphs (a) through (i) of Paragraph 32 of the First Claim, which allegations are hereby incorporated and made a part of the Thirteenth Claim as if fully set forth herein.

104.     Paragraphs 33 through 38 of the Complaint are hereby incorporated and made a part of the Thirteenth Claim as if fully set forth herein.

105.     As a result of the violation of plaintiff Bond's civil rights, as aforesaid, he was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

## FOURTEENTH CLAIM (Bond)

## DUE PROCESS

### (Article First § 1 of the Constitution of Connecticut)

106.    Paragraphs 90 through 104 of the Complaint are hereby incorporated and made a part of the Fourteenth Claim as if fully set forth herein.

107.    Defendants' aforementioned actions constitute a violation of plaintiff Bond's rights to due process under article first §1 of the constitution of Connecticut.

108.    As a result of the violation of plaintiff Bond's civil rights, as aforesaid, he was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

## FIFTEENTH CLAIM (Bond)

## DUE PROCESS

### (Article First § 10 of the Constitution of Connecticut)

109.    Paragraphs 90 through 104 of the Complaint are hereby incorporated and made a part of the Fifteenth Claim as if fully set forth herein.

110.    Defendants' aforementioned actions constitute a violation of plaintiff Bond's rights to due process under article first § 10 of the constitution of Connecticut.

25

111.    As a result of the violation of plaintiff Bond's civil rights, as aforesaid, he was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

### SIXTEENTH CLAIM (Bond)

### Breach of the Implied Covenant of Good Faith and Fair Dealing

(STATE COMMON LAW - TORT)

112.    Paragraphs 90 through 104 of the Complaint are hereby incorporated and made a part of the Sixteenth Claim as if fully set forth herein.

113.    Defendant Town of Stratford breached the implied covenant of good faith and fair dealing inherent in the Agreement and in its relationship with pensioned former employees and, in doing so, caused plaintiff Bond to suffer significant financial loss.

114.    As a result of the Defendants' tortious conduct, as aforesaid, plaintiff Bond was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

26

## SEVENTEENTH CLAIM (Bond)

### Breach of Contract

(STATE COMMON LAW)

115.    Paragraphs 90 through 104 of the Complaint are hereby incorporated and made a part of the Seventeenth Claim as if fully set forth herein.

116.    The defendant Town of Stratford's refusal and/or failure to provide the plaintiff Bond with benefits pursuant to Section 13.3 of the Agreement is a violation of its terms.

117.    As a result of the defendant Town's violation of the Agreement, as aforesaid, plaintiff Bond was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

## EIGHTEENTH CLAIM (Bond)

### Tortious Interference With Contract

(STATE COMMON LAW - TORT)

118.    Paragraphs 90 through 104 of the Complaint are hereby incorporated and made a part of the Eighteenth Claim as if fully set forth herein.

119.    As a result of the individual Defendants' tortious interference with plaintiff Bond's contract with defendant Town, as aforesaid, he was caused to suffer the following

27

injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

### NINETEENTH CLAIM (Brenton)

#### Due Process

(§1983- FOURTEENTH AMENDMENT- UNITED STATES CONSTITUTION)

120.    Paragraphs 1 through 15 of the Complaint are hereby incorporated and made a part of the Nineteenth Claim as if fully set forth herein.

121.    Plaintiff Brenton was actively employed at the defendant Town's water pollution control facility from January 20, 1972 until at least January 2001.

122.    Prior to Brenton's employment with the Town he successfully passed a physical examination which showed no evidence of hypertension or heart disease.

123.    From on or about 1974, until at least January 2001, Brenton was a member of the collective bargaining unit represented by The Town of Stratford Supervisors' Union Local No. 3804, Council 4, AFSCME, AFL-CIO (hereinafter "Union").

124.    From July 1, 1997 through at least June 30, 2000, plaintiff Brenton and defendant Town were subject to a collective bargaining agreement (hereinafter "Agreement"), which contained the following relevant provisions under "Article 10- Pensions":

28

Section 10.2  All present members of the Bargaining Unit who are members of the

Pension Plan shall be subject to all of the provisions of 1971 P.A. 524 under the same

terms and conditions set forth in said Public Act for Municipal Police and Fire

Personnel.  Any employee who is hired after August 17, 1979 shall not be eligible for

this benefit.

125.    P.A. 71-524, now codified as C.G.S. § 7-433c, requires municipal employees

subject to its provisions to assert claims for benefits according to procedures set forth in Chapter

568 of the Connecticut General Statutes, the Connecticut Workers' Compensation Act

(hereinafter, "the Act").

126.    On or about May 11, 1999, Brenton filed a timely notice of claim with the

defendant, Town of Stratford, for hypertension or heart disease benefits provided under Section

10.2 of the Agreement (hereinafter "10.2 Benefits") in accordance with procedures set forth in

the Act, C.G.S. § 31-294c(a).

127.    Through its agents, servants and/or representatives, defendant Stratford issued a

formal denial of Brenton's claim for the 10.2 Benefits in accordance with procedures set forth in

the Act, C.G.S. § 31-294c(b).

128.    With the exception that he is not a municipal police or firefighter whose claim can

29

be heard and adjudicated by the Workers' Compensation Commission, Brenton qualifies for and is entitled to the same hypertension or heart disease benefits set forth in C.G.S. § 7-433c.

129.    The Agreement sets forth a grievance procedure to resolving disputes between the defendant Town of Stratford and employees.

130.    At the time his disability pension application was granted, Plaintiff Brenton was not subject to the Grievance Procedure and Arbitration provisions of the Agreement.

131.    Defendants led plaintiff Brenton to believe that the Town's Pension Board would hear and, if necessary, adjudicate, his claim for the 10.2 Benefits.

132.    In or around August 2002, the Town approved plaintiff Brenton's May 11, 1999 disability pension application, which included a claim for 10.2 benefits, based on his hypertension and/or heart disease.

133.    Despite demand therefor, defendant Town refused and continues to refuse to provide those benefits to which plaintiff Brenton is entitled pursuant to Section 10.2 of the Agreement.

134.    Despite demand therefor, defendant Town refused and continues to refuse to provide those benefits to which plaintiff Brenton is entitled pursuant to the approval of his disability pension application.

30

135.    Despite demand therefor, defendant Town refused and continues to refuse to provide plaintiff Brenton with adequate notice or meaningful information as to where and how he can pursue his claim for 10.2 Benefits.

136.    Defendants, each and all of them, and by and through their agents, employees and/or representatives, violated Brenton's constitutional rights by depriving him of his property interest in the benefits afforded him pursuant to Section 10.2 of the Agreement without due process of law in one or more of the following respects:

a.    Defendants refused and/or failed to provide a forum or process by which said plaintiff's claim for 10.2 Benefits could be heard and decided according to fundamental rules of fairness.

b.    Defendants refused and/or failed to disclose the appropriate method or process by which said plaintiff could pursue 10.2 Benefits.

c.    Defendants refused and/or failed to follow, devise or implement basic rules and procedures afforded to police and fire personnel pursuant to P.A. 524, now codified as C.G.S. § 7-433c, to facilitate and process claims for 10.2 Benefits.

d.    Defendants denied said plaintiff a rational, objective, or standardized process by which he could pursue, let alone secure, 10.2 Benefits.

31

e.    Defendants refused and/or failed to provide said plaintiff with any notice or information reasonably calculated to apprise him of the procedure by which he could attain 10.2 Benefits.

f.    Defendants refused and/or failed to provide meaningful information as to how, where and when to pursue said plaintiff's claim for 10.2 Benefits.

g.    Defendants made false or misleading representations with the intent to deceive said plaintiff and thereby deprive him of 10.2 Benefits.

h.    Defendants omitted information or kept information from said plaintiff and his representatives with the intent to deprive him of 10.2 Benefits.

i.    Defendants acted willfully, wantonly, maliciously and/or in bad faith to deprive said plaintiff the benefits due him pursuant to the Agreement.

137.    Said plaintiff has been forced by the defendants' actions to undergo the expense of employing counsel to vindicate his constitutional and other civil rights.

138.    The defendant is not privileged in its actions by either qualified or absolute immunity.

139.    During all times relevant to this complaint, said plaintiff was deprived of a fair and meaningful opportunity to be heard.

32

140.   Defendants failed to secure to said plaintiff, unlawfully deprived said plaintiff, or caused said plaintiff to be unlawfully deprived of rights secured to him by the United States Constitution pursuant to Title 42 U.S.C. § 1983, et seq. by their promotion and acquiescence of the aforementioned activities.

141.   Defendants, acting under color of state and federal law, charter, ordinance, regulation, custom or usage, have unlawfully violated said plaintiff's constitutional rights by depriving him of his property interests in certain rights and benefits without due process of law.

142.   The action of the defendants were and are extreme and outrageous, shocking to the sensibilities of any reasonable person and will continue to harm said plaintiff unless remedied by the Court.

143.   As a result of the violation of plaintiff Brenton's civil rights, as aforesaid, he was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

## TWENTIETH CLAIM (Brenton)

## DUE PROCESS

(Article First §1 of the Constitution of Connecticut)

144.   Paragraphs 120 through 142 of the Complaint are hereby incorporated and made a

33

part of the Twentieth Claim as if fully set forth herein.

145.    Defendants' aforementioned actions constitute a violation of plaintiff Brenton's rights to due process under article first § 1 of the constitution of Connecticut.

146.    As a result of the violation of Plaintiff Brenton's civil rights, as aforesaid, he was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

### TWENTY-FIRST CLAIM (Brenton)

### DUE PROCESS

(Article First §10 of the Constitution of Connecticut)

147.    Paragraphs 120 through 142 of the Complaint are hereby incorporated and made a part of the Twenty-First Claim as if fully set forth herein.

148.    Defendants' aforementioned actions constitute a violation of plaintiff Brenton's rights to due process under article first § 10 of the constitution of Connecticut.

149.    As a result of the violation of Plaintiff Brenton's civil rights, as aforesaid, he was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

34

## **TWENTY-SECOND CLAIM** (Brenton)

### **Breach of the implied Covenant of Good Faith and Fair Dealing**

(STATE COMMON LAW)

150.    Paragraphs 120 through 142 of the Complaint are hereby incorporated and made a part of the Twenty-Second Claim as if fully set forth herein.

151.    Defendant Town of Stratford breached the implied covenant of good faith and fair dealing inherent in the Agreement and in its relationship with pensioned former employees and, in doing so, caused plaintiff Brenton to suffer significant financial loss.

152.    As a result of the Defendants' tortious conduct, as aforesaid, plaintiff Brenton was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

## **TWENTY-THIRD CLAIM** (Brenton)

### **Breach of Contract**

(STATE COMMON LAW)

153.    Paragraphs 120 through 142 of the Complaint are hereby incorporated and made a part of the Twenty-Third Claim as if fully set forth herein.

154.    The defendant Town's refusal and/or failure to provide the plaintiff Brenton

35

benefits pursuant to Section 10.2 of the Agreement is a violation of its terms.

155.    As a result of the defendant Town's violation of the Agreement, as aforesaid, plaintiff Brenton was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

## TWENTY-FOURTH CLAIM (Brenton)

### Tortious Interference With Contract

(STATE COMMON LAW-TORT)

156.    Paragraphs 120 through 142 of the Complaint are hereby incorporated and made a part of the Twenty-Fourth Claim as if fully set forth herein.

157.    As a result of the individual Defendants' tortious interference with plaintiff Brenton's contract with defendant Town, as aforesaid, he was caused to suffer the following injuries, some or all of which are likely to be permanent in nature: Money damages and loss of benefits, opportunity and dignity.

36

## VI.  PRAYERS FOR RELIEF

**WHEREFORE,** the individual Plaintiffs each claim:

1.  Monetary damages against defendants, jointly and severally, as would fully compensate plaintiffs for their economic loss, emotional distress and deprivation of civil rights caused by defendants;

2.  Monetary damages as would fully compensate plaintiffs for their economic loss caused by defendants' breach of contract and implied covenant of fair dealing;

3.  Costs and reasonable attorney's fees incurred in the prosecution of this action pursuant to 42 U.S.C. § 1983; and

4.  Punitive damages, jointly and severally, based on defendant's willful, wanton, continuous and continuing misconduct.

Plaintiffs further pray the Court grant such additional equitable and legal relief as is proper and just.

FOR THE PLAINTIFFS                        By: _____
RICHARD SCHIRILLO, AUGUSTO CORREIA,       James T. Baldwin, ct08535
RANDOLPH BOND and RONALD BRENTON          Kevin A. Coles, ct04350
                                          Coles, Baldwin & Craft, LLC
                                          1261 Post Road, P.O. Box 577
                                          Fairfield, CT 06824
                                          Tel. (203) 319-0800
                                          Fax (203) 319-1210

37