FILED

2004 JUN -3 P 12: 38

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------
RICHARD SCHIRILLO, AUGUSTO CORREIA    :Civil Action No.
RANDOLPH BOND and RONALD BRENTON  :   3:03cv674 (WWE)
                                  :
v.                                        :
                                  :
TOWN OF STRATFORD and in their      :
Individual capacities EILEEN MURPHY,  :
MICHAEL FEENEY, DORINDA BORER,   :
MARK BARNHART, JACK OBERNESSER, :
MICHAEL SINGH, AND SANDRA ZALIK  :   June 1, 2004
-----------------------------------------------------------------

**ANSWER AND AFFIRMATIVE DEFENSES OF THE DEFENDANTS MICHAEL
SINGH and SANDRA ZALIK TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

1.     Deny.

2.     Paragraph 2 does not call for an answer because it simply describes the nature of
the action.

3.     Admit that the plaintiff invokes jurisdiction but denies that this Court has subject
matter jurisdiction over this action.

4.     Admit.

5.     Admit.

6.     Admit.

7.     Admit.

8.     Admit.

9.    Admit.

10.    Admit.

11.    Admit.

12.    Admit.

13.    Admit.

14.    Admit.

15.    Admit.

**First Count (Schirillo – Section 1983 Due Process)**

16.    Admit.

17.    Admit.

18.    Admit.

19.    Admit, except during the alleged time period there were two successive three year collective bargaining agreements, the first of which expired on June 30, 1997.

20.    Provisions of Connecticut General Statutes Section 7-433c speak for themselves. The answering defendants deny the allegations of paragraph 20.

21.    Deny.

22.    Deny.

23.    Admit that the Workers' Compensation Commission accepted the filings of a Workers' Compensation claim by plaintiff Schirillo and against the Town and assigned the claim no. 400035111, but deny that the Town objected to proceeding in the Workers' Compensation forum on grounds that the Commission lacked subject matter jurisdiction.

24.    Deny.

25.    Deny.

2

26.    Deny.

27.    Deny.

28.    Admit that on or about June 7, 2000 the Town Pension Board approved a disability pension for plaintiff Schirillo.  The remaining allegations of paragraph 28 are denied.

29.    Admit that the Defendant Town refused and continues to refuse to provide benefits for hypertension or heart disease benefits to plaintiff Schirillo.  The remaining allegation of paragraph 29 is denied.

30.    Deny.

31.    Deny.

32.    Deny.

33.    Deny.

34.    Admit as to absolute immunity.  Deny as to qualified immunity.

35.    Deny.

36.    Deny.

37.    Deny.

38.    Deny.

39.    Deny.

**Second Count (Schirillo – Due Process Claim Under Art. First, §1 of Connecticut Constitution)**

40.    The replies to paragraphs 1 through 38 of the Complaint are hereby incorporated by reference as though fully recited and set forth herein.

41.    Deny.

42.    Deny.

**Third Count (Schirillo – Due Process Claim Under Art. First §10 of Connecticut Constitution)**

43.    The replies to paragraphs 1 through 38 of the Complaint are hereby incorporated by reference as though fully recited and set forth herein.

44.    Deny.

45.    Deny.

**Fourth Count (Schirillo – Breach of Implied Covenant of Good Faith and Fair Dealing)**

46.    The replies to paragraphs 1 through 38 of the Complaint are hereby incorporated by reference as though fully recited and set forth herein.

47.    Deny.

48.    Deny

**Fifth Count (Schirillo – Breach of Contract)**

49.    The replies to paragraphs 1 through 38 of the Complaint are hereby incorporated by reference as though fully recited and set forth herein.

50.    Deny.

51.    Deny.

**Sixth Count (Schirillo –Tortious Interference with Contract)**

52.    The replies to paragraphs 1 through 38 of the Complaint are hereby incorporated by reference as though fully recited and set forth herein.

53.    Deny.

**Seventh Count (Correia – Section 1983 Claim – Due Process)**

54.    The replies to paragraphs 1 through 15 of the Complaint are hereby incorporated by reference as though fully recited and set forth herein.

55.    Admit.

56.    Admit.

57.    Admit, except that Correia's date of hire was December 4, 1972.

58.    Admit, except two successive three-year collective bargaining agreements were in effect during the alleged time period, the first of which expired on June 30, 1997.

59.    The provisions of Connecticut General Statutes Section 7-433c speak for themselves. These answering defendants deny the allegations of paragraph 59.

60.    The answering defendants deny that the claim was timely, but admit all of the other allegations of paragraph 60.

61.    Admit.

62.    Deny.

63.    Deny.

64.    Deny.

65.    Admit that in August 1998 the Town Pension Board approved plaintiff Correia's application for a disability pension. The remaining allegations of paragraph 65 are denied.

66.    Deny that Correia is entitled to benefits pursuant to Section 13.3 of any applicable collective bargaining agreement, but admit that the defendant Town refused and continues to refuse to provide such hypertension or heart disease benefits to him.

67.    Deny.

68.    Deny.

69.    Deny.

70.    Admit that plaintiff Correia and his Union filed a grievance claiming he was entitled to benefits under Section 13.3 of the collective bargaining agreement in effect from June 1, 1997 through June 30, 2000 and pursued the grievance through the steps of the contractual

grievance and arbitration procedure.  It is further admitted that by an arbitration award dated

April 18, 2000, a majority of the panel of arbitrators held that the grievance was not arbitrable.

All of the remaining allegations of paragraph 70 are denied.

71.    Deny.

72.    Deny.

73.    Deny.

74.    The replies to paragraphs 33 through 38 of the Complaint are hereby incorporated

by reference as though fully recited and set forth herein.

75.    Deny.

**Eighth Count (Correia – Due Process Claim – Connecticut Constitution, Article First, §1**

76.    The replies to paragraphs 54 through 74 of the Complaint are hereby incorporated

by reference as though fully recited and set forth herein.

77.    Deny.

78.    Deny.

**Ninth Count (Correia – Due Process – Connecticut Constitution, Article First, §10)**

79.    The replies to paragraphs 54 through 74 of the Complaint are hereby incorporated

by reference as though fully recited and set forth recited herein.

80.    Deny.

81.    Deny.

**Tenth Count (Correia – Breach of Implied Covenant of Good Faith and Fair Dealing)**

82.    The replies to paragraphs 54 through 74 of the Complaint are hereby incorporated

by reference as though fully recited and set forth recited herein.

83.    Deny.

84. Deny.

## Eleventh Count (Correia-Breach of Contract)

85. The replies to paragraphs 54 through 74 of the Complaint are hereby incorporated by reference as though fully recited and set forth recited herein.

86. Deny.

87. Deny.

## Twelfth Count (Correia – Tortious Interference with Contract)

88. The replies to paragraphs 54 through 74 of the Complaint are hereby incorporated by reference as though fully recited and set forth herein.

89. Deny.

## Thirteenth Count (Bond – Section 1983 Due Process Claim)

90. The replies to paragraphs 1 through 15 of the Complaint are hereby incorporated by reference as though fully recited and set forth recited herein.

91. Admit.

92. Admit.

93. Admit.

94. Admit, except one collective bargaining agreement was in effect from September 15, 1994 through June 30, 1997 and a three-year successor agreement became effective July 1, 1997.

95. The provisions of Connecticut General Statutes Section 7-433c speak for themselves. These answering defendants deny the allegations of paragraph 95.

96. Admit, except deny that the notice of claim was timely.

97.    Admit.

98.    Deny.

99.    Deny.

100.    Deny.

101.    Admit that in August 1998 the Town Pension Board approved plaintiff Bond's request for a disability pension.  The remaining allegations of paragraph 101 are denied.

102.    The replies to paragraphs 66 through 72 of the Complaint are hereby incorporated by reference as though fully recited and set forth recited herein.

103.    Deny.

104.    The replies to paragraphs 33 through 38 of the Complaint are hereby incorporated by reference as though fully recited and set forth recited herein.

105.    Deny.

**Fourteenth Count (Bond – Due Process – Connecticut Constitution, Art. First, §1)**

106.    The replies to paragraphs 90 through 104 of the Complaint are hereby incorporated by reference as though fully recited and set forth recited herein.

107.    Deny.

108.    Deny.

**Fifteenth Count (Bond – Due Process – Connecticut Constitution, Art. First, §10)**

109.    The replies to paragraphs 90 through 104 of the Complaint are hereby incorporated by reference as though fully recited and set forth recited herein.

110.    Deny.

111.    Deny.

**Sixteenth Count (Bond – Implied Contract of Good Faith and Fair Dealing)**

112.    The replies to paragraphs 90 through 104 of the Complaint are hereby incorporated by reference as though fully recited and set forth herein.

113.    Deny.

114.    Deny.

**Seventeenth Count (Bond – Breach of Collective Bargaining Agreement)**

115.    The replies to paragraphs 90 through 104 of the Complaint are hereby incorporated by reference as though fully recited and set forth herein.

116.    Deny.

117.    Deny.

**Eighteenth Count (Bond – Tortious Interference with Contract)**

118.    The replies to paragraphs 90 through 104 of the Complaint are hereby incorporated by reference as though fully recited and set forth herein.

119.    Deny.

**Nineteenth Count (Brenton §1983 Due Process Claim)**

120.    The replies to paragraphs 1 through 15 of the Complaint are hereby incorporated by reference as though fully recited and set forth herein.

121.    The defendants have insufficient knowledge or information upon which to form a belief and therefore, leave the plaintiff to his proof.

122.    Admit.

123.    Admit.

124.    Admit.

125.    The provisions of C.G.S. § 7-433c, speak for themselves.  These answering defendants deny the allegations of paragraph 125.

126.    Deny.

127.    The defendants have insufficient knowledge or information upon which to form a believe and therefore, leave the plaintiff to his proof.

128.    Deny.

129.    Admit.

130.    Deny.

131.    Deny.

132.    Deny.

133.    Deny.

134.    Deny.

135.    The defendants have insufficient knowledge or information upon which to form a belief and therefore, leave the plaintiff to his proof.

136.    Deny.

137.    Deny.

138.    Admit as to absolute immunity.  Deny as to qualified immunity.

139.    Deny.

140.    Deny.

141.    Deny.

142.    Deny.

143.    Deny.

**Twentieth Count (Brenton – Due Process – Connecticut Constitution Art. First §1)**

144.    The replies to paragraphs 120 through 142 of the Complaint are hereby incorporated by reference as though fully recited and set forth recited herein.

145.    Deny.

146.    Deny.

**Twenty-First Count (Brenton – Due Process – Connecticut Constitution Art. First §10)**

147.    The replies to paragraphs 120 through 142 of the Complaint are hereby incorporated by reference as though fully recited and set forth herein.

148.    Deny.

149.    Deny.

**Twenty-Second Count (Brenton – Implied Covenant of Good Faith and Fair Dealing)**

150.    The replies to paragraphs 120 through 142 of the Complaint are hereby incorporated by reference as though fully recited and set forth herein.

151.    Deny.

152.    Deny.

**Twenty-Third Count (Brenton Breach of Collective Bargaining Agreement)**

153.    The replies to paragraphs 120 through 142 of the Complaint are hereby incorporated by reference as though fully recited and set forth herein.

154.    Deny.

155.    Deny.

**Twenty-Fourth Count (Brenton – Tortious Interference With Contract)**

156.    The replies to paragraphs 120 through 142 of the Complaint are hereby incorporated by reference as though fully recited and set forth herein.

157.    Deny.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (All Counts)

1.     This action and the claims set forth in the complaint are barred by the applicable statutes of limitation.

### Second Affirmative Defense (Schirillo - Counts One Through Six)

1.     The Town of Stratford ("Town") and the Stratford Public Works Association, Local 134, an affiliate of the International Federation of Professional & Technical Engineers ("Union") were parties to a collective bargaining agreement that was in effect from July 1, 1997 through June 30, 2000 ("the 1997 Agreement"). At all times from and after July 1, 1997, the Town and Union have been parties to a successor collective bargaining agreement.

2.     Section 13.3 of the 1997 Agreement provided all members of the Union hired prior to November 1, 1978 with the same hypertension or heart disease benefits mandated for municipal fire and police personnel under Public Act 71-524, codified as Connecticut General Statutes §7-433c, "under the same terms and conditions" as set forth in said Public Act.

3.     The 1997 Agreement and the successor collective bargaining agreements between the Town and the Union contained a grievance and arbitration provision which defines a grievance as "any dispute between the [Town] and [the Union] or between the [Town] and any employee or group of employees concerning the interpretation, application or violation of the provisions of this Agreement." The contractual grievance and arbitration clause requires grievances to be processed through a number of steps with the last step being final and binding arbitration.

4.     During his employment at the Town's Water Pollution Control facility, plaintiff Schirillo was a member of the Union bargaining unit. From July 1, 1997 through the effective date of his retirement, the terms and conditions of Schirillo's employment by the Town were governed by

the provisions of the 1997 Agreement.

5.      Schirillo alleges in this lawsuit that the Town, acting by and through the individually named defendants as its agents and employees, failed and refused to provide him with hypertension or heart disease benefits under Section 13.3 of the 1997 Agreement and successor collective bargaining agreements between the Town and Union.

6.      Among the terms and conditions required to be met to be entitled to benefits under Section 7-433c of the Connecticut General Statutes is that both the condition and the disability must occur while municipal or fire personnel are active employees.  Therefore, any entitlement to heart or hypertension benefits by plaintiff Schirillo pursuant to Section 13.3 of the 1997 Agreement must have occurred, if at all, while he was an active employee of the Town.

7.      The grievance and arbitration procedure set forth in the collective bargaining agreements between the Town and the Union provides the exclusive remedy for any and all disputes as to whether Schirillo is entitled to benefits under Section 13.3.  The dispute as to Schirillo's right to benefits under Section 13.3 of the 1997 Agreement was enforceable by the Union and by Schirillo, notwithstanding his retirement, through the grievance and arbitration procedure set forth in the collective bargaining agreement.

8.      Plaintiff Schirillo failed to exhaust or attempt to exhaust the exclusive grievance and arbitration procedure contained in the collective bargaining agreements between the Town and his Union.  Therefore, this Court lacks subject matter jurisdiction over any of the claims alleged by Schirillo in this action.

**Third Affirmative Defense (Correia - Counts Seven Through Twelve)**

1.      On or about July 21, 1997, plaintiff Correia filed a claim for heart and hypertension benefits in accordance with Article 13, Section 13.3 of the 1997 Agreement.

2.      On July 25, 1997, the Town denied his claim, sending him notice of denial in writing by

certified mail, which he acknowledged receiving.  On or about the first few days of April of

1998, Correia verbally grieved the denial of his claim for Section 13.3 benefits to his

superintendent.  His superintendent denied the verbal grievance.  On or about April 6, 1998, a

written grievance was filed with the Town over the Town's denial of Section 13.3 benefits to

Correia.

3.      The grievance was processed through the steps of the grievance procedure set forth in the

1997 Agreement and proceeded to arbitration before a three-member panel of arbitrators of the

Connecticut State Board of Mediation and Arbitration.

4.      Following a hearing and the filing of briefs by both parties, an arbitration award was

issued in which a majority of the panel of arbitrators found that the grievance had not been filed

within the contractual time limits and therefore held that the grievance was not arbitrable.

5.      The Union filed an application to vacate the arbitration award, and on November 8, 2000

the Connecticut Superior Court of the Judicial District of Fairfield at Bridgeport in IFPTE, Local

134 vs. the Town of Stratford, Docket No. CV 000374842S rendered a memorandum of decision

denying the Union's application to vacate the arbitration award.  No appeal was filed from that

decision.

6.      The grievance and arbitration provisions set forth in Article 17 of the 1997 Agreement

provide the exclusive remedy for Correia with respect to his claim that he was entitled to benefits

under Section 13.3 of that collective bargaining agreement.  By reason of the prior arbitration

award and the final decision of the Connecticut Superior Court denying the application to vacate

that award, plaintiff Correia is foreclosed from bringing his claims in this action.

7.    The plaintiff is also foreclosed from bringing the claims in this action under the principles of res judicata and collateral estoppel.

**Fourth Affirmative Defense (Correia - Counts Seven Through Twelve)**

1.    On or about July 21, 1997, Correia filed a claim with the Connecticut Workers' Compensation Commission for Section 7-433c heart and hypertension benefits he claimed he was entitled to under Section 13.3 of the 1997 Agreement.

2.    Plaintiff Correia failed to request a formal hearing or to otherwise pursue his claim for heart and hypertension benefits before the Workers' Compensation Commission. Correia therefore waived any right he may have had to heart and hypertension benefits under Section 13.3 of the 1997 Agreement by abandoning and failing to pursue his claim for such benefits with the Connecticut Workers' Compensation Commission.

**Fifth Affirmative Defense (Bond - Counts Thirteen Through Eighteen)**

1.    On or about February 5, 1997 plaintiff Randolph Bond filed a claim for benefits with the Connecticut Workers' Compensation Commission both under Section 7-433c and under Chapter 568 of the Connecticut General Statutes due to his heart and hypertension condition which Bond alleged arose out of and in the course of his employment.

2.    Following duly noticed formal hearings on Bond's contested claim, a Finding and Award of the Commissioner was issued on December 13, 1999 in which the Commissioner found, among other things, that Bond's heart and hypertension condition arose out of and in the course of his employment with the Town and as a result of that condition that Bond had suffered a 50% permanent, partial impairment of the heart and cardiovascular system. In the Finding and Award of Compensation dated December 13, 1999, the Commissioner ordered that the Town accept liability of Bond's heart and hypertension condition with the date of injury of August 7, 1998

and ordered the Town to pay benefits under Chapter 568 of the Connecticut Workers'
Compensation Act consisting of a specific indemnity award of 260 weeks.

3.    The Finding and Award of the Commission of December 13, 1999 was affirmed by the
Workers' Compensation Review Board in an opinion dated March 7, 2001.

4.    The Town of Stratford has paid to Bond all of the Chapter 568 benefits awarded to him in
the December 13, 1999 Finding and Award of Compensation.

5.    Under the express provisions of Section 7-433c of the Connecticut General Statutes,
benefits provided under that Section are in lieu of any other benefits which an eligible employee
may be entitled to receive under Chapter 568 of the Connecticut General Statutes.

6.    In pursuing his claim before the Workers' Compensation Commission for benefits under
Chapter 568 to a Final Award, plaintiff Bond made a binding election of remedies and is barred
from now seeking the same benefits provided under Section 7-433c of the General Statutes
pursuant to Section 13.3 of the 1997 Agreement provided under Section 7-433c of the General
Statutes.

**Sixth Affirmative Defense (Bond - Counts Thirteen Through Eighteen)**

1.    On or about February 5, 1997, plaintiff Bond filed a claim for heart and hypertension
benefits in accordance with Article 13, Section 13.3 of the 1997 Agreement.

2.    On February 11, 1997, the Town denied his claim, sending him notice of denial in writing
by certified mail, which he acknowledged receiving.  On or about April 3, 1998, a written
grievance was filed with the Town over the Town's denial of Section 13.3 benefits to Bond.

3.    The grievance was processed through the steps of the grievance procedure and proceeded
to arbitration before an arbitration panel of the Connecticut State Board of Mediation and
Arbitration.

16

4.      Following a hearing and the filing of briefs by both parties, an arbitration award was issued on April 18, 2000 in which a majority of the panel of arbitrators found that the grievance had not been timely filed within the contractual time limits and therefore held that the grievance was not arbitrable.

5.      The Union filed an application to vacate the arbitration award with the Connecticut Superior Court, and on November 8, 2000 the Connecticut Superior Court rendered a memorandum of decision denying the Union's application to vacate the arbitration award.  No appeal was filed from that decision.

6.      The grievance and arbitration provisions set forth in Article 17 of the 1997 Agreement provide the exclusive remedy for Bond with respect to Bond's claim that he was entitled to benefits under Section 13.3 of that collective bargaining agreement.  By reason of the prior arbitration award and the final decision of the Connecticut Superior Court denying the application to vacate that award, plaintiff Bond is foreclosed from bringing his claims in this action.

7.      The plaintiff is also foreclosed from bringing the claims in this action under the principles of res judicata and collateral estoppel.

**Seventh Affirmative Defense (Brenton – Counts Nineteen through Twenty-Four )**

1.      The Town of Stratford ("Town") and the Stratford Supervisors' Union Local 3804, Council 4, AFSCME, AFL-CIO ("Union") were parties to a collective bargaining agreement that was in effect from July 1, 1997 through June 30, 1999 ("the 1997 Agreement").  At all times from and after July 1, 1999, the Town and Union have been parties to a successor collective bargaining agreement.

2.      Article 10, Section 2 of the 1997 Agreement provided that all members of the Union who

were members of the pension plan and hired prior to August 17, 1997 were subject to the heart and hypertension benefit provisions of 1971 P.A. 524 (Connecticut General Statutes §7-433c) under the same terms and conditions set forth in said public act for municipal fire and police personnel.

3.      The 1997 Agreement and the successor collective bargaining agreements between the Town and the Union contained a grievance and arbitration provision which defines a grievance as "any dispute between the [Town] and [the Union] or between the [Town] and any employee or group of employees concerning the interpretation, application or violation of the provisions of this Agreement." The contractual grievance and arbitration clause requires grievances to be processed through a number of steps with the last step being final and binding arbitration.

4.      During his employment at the Town's Water Pollution Control facility, plaintiff Brenton was a member of the Union bargaining unit. From July 1, 1997 through January 12, 2001, the effective date of his retirement, the terms and conditions of Brenton's employment by the Town were governed by the provisions of the 1997 Agreement and the 1999 successor collective bargaining agreement that contained the same provisions relating to heart and hypertension benefits and the grievance and arbitration provisions as the 1997 Agreement.

5.      Brenton alleges in this lawsuit that the Town, acting by and through the individually named defendants as its agents and employees, failed and refused to provide him with hypertension or heart disease benefits under Section 2 of Article 10 of the 1997 and 1999 Agreements.

6.      Among the terms and conditions required to be met to be entitled to benefits under Section 7-433c of the Connecticut General Statutes is that both the condition and the disability must occur while municipal or fire personnel are active employees. Therefore, any entitlement

to heart or hypertension benefits by plaintiff Brenton pursuant to Article 10, Section 2 of the 1997 or 1999 Agreements must have occurred, if at all, while he was an active employee of the Town.

8.    The grievance and arbitration procedure set forth in the collective bargaining agreements between the Town and the Union provides the exclusive remedy for any and all disputes as to whether Brenton was or is entitled to heart and hypertension benefits under Article 10, Section 2.  Any dispute as to Brenton's right to benefits under Article 10, Section 2 of the 1997 and 1999 Agreements was enforceable by the Union and by Brenton, both before and after his retirement, through the grievance and arbitration procedure set forth in the collective bargaining agreements.

8.    Plaintiff Brenton failed to exhaust or attempt to exhaust the exclusive grievance and arbitration procedure contained in either the 1997 or the 1999 collective bargaining agreement between the Town and his Union or any successor agreement.  Therefore, this Court lacks subject matter jurisdiction over any of the claims alleged by Brenton in this action.

### Ninth Affirmative Defense (Qualified Immunity - Counts One, Two, Three, Seven, Eight, Nine, Thirteen, Fourteen, Fifteen, Nineteen, Twenty and Twenty-One)

1.    During all times referred to in the complaint, defendants Singh and Zalik were acting as duly and regularly appointed officials of the Town of Stratford and as such were acting under color of law.

2.    The acts of these defendants, if and to the extent they actually occurred, if at all, were discretionary functions, and based on the circumstances it was objectively reasonable for each of them to believe that his or her actions were lawful or that any such actions did not violate clearly established law of which a reasonable person would have known.

3.    Defendants Singh and Zalik are therefore entitled to qualified immunity from suit.

**Ninth Affirmative Defense (All Counts)**

1.    The complaint and each and all of the counts alleged therein fail to state a claim upon which relief can be granted.

THE DEFENDANTS
MICHAEL SINGH and
SANDRA ZALIK

Arthur C. Lasker, Esq.
1261 Post Road
Fairfield, CT  06430
(203)254-1770
acl@laskelaw.com
Fed. Bar #CT0773

## **CERTIFICATION**

This is to certify that the foregoing has been mailed this date via U.S. Mail,

Postage prepaid, to the following counsel of record:

James T. Baldwin, Esq.
Coles, Baldwin & Craft
1261 Post Road
Fairfield, CT  06430


Richard J. Buturla, Esq.
Berchem, Moses & Devlin, P. C.
75 Broad Street
Milford, CT  06460


Arthur C. Laske III