UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------
| | |
|---|---|
| **RICHARD SCHIRILLO, AUGUSTO CORREIA:** | Civil Action No. |
| And **RANDOLPH BOND** : | 303cv674 (WWE) |
| : | |
| **v.** : | |
| : | |
| **TOWN OF STRATFORD** and in their : | |
| Individual capacities **EILEEN MURPHY,** : | |
| **MICHAEL FEENEY, DORINDA BORER,** : | |
| **MARK BARNHART, JACK OBERNESSER,** : | |
| **MICHAEL SINGH,** and **SANDRA ZALIK** : | September 30, 2004 |

---------------------------------------------------------------

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendants, Town of Stratford, Eileen Murphy, Michael Feeney, Dorinda Borer, and Mark Barnhart and Jack Obernesser, respectfully move for summary judgment on the following grounds:

Section 1983 Claim

    1.    No genuine of material fact exists as to whether the individual defendants personally participated in the alleged deprivation;

    2.    As a matter of law, the plaintiffs' contractual right did not rise to the level of being a property right protected by the Due Process Clause;

    3.    As a matter of law, the grievance and arbitration procedures of the collective bargaining agreements satisfied due process;

    4.    The individual defendants are entitled to qualified immunity as a matter of law;

5. There is no genuine material issue as to the fact that plaintiff Bond received all of the benefits through the workers' compensations commission and his disability retirement that he would have been entitled to under the collective bargaining agreement;

6. Plaintiffs Schirillo and Brenton failed to exhaust their administrative remedies;

7. There is no genuine of material fact as to whether the defendants violated the plaintiffs' rights to substantive due process.

Claim for Violation of due process under the Connecticut Constitution

1. No genuine of material fact exists as to whether the individual defendants personally participated in the alleged deprivation;

2. As a matter of law, the plaintiffs' contractual right did not rise to the level of being a property right protected by the Due Process Clause of the Connecticut Constitution;

3. As a matter of law, the grievance and arbitration procedures of the collective bargaining agreements satisfied due process.

Breach of the Collective Bargaining Agreement

1. The prior arbitration award bars plaintiffs Bond and Correa from bringing breach of contract claims in court.

2. As a matter of law, the plaintiffs Schirillo and Brenton are foreclosed from bringing a breach of contract claim because they failed to exhaust their administrative remedies under the grievance and arbitration provisions of the collective bargaining agreement.

Breach of Implied Covenants and Fair Dealing

1. The defendants are entitled to summary on this state law claim for the same reasons that they are entitled to summary judgment under breach of contract claims.

The reasons for this motion are more fully set forth in the memorandum of law, affidavits, exhibits and deposition excerpts filed concurrently in support of this motion for summary judgment.

Respectfully submitted on behalf of the<br>
Moving Defendants

By:\_\_\_\_//s//_____
  Richard J. Buturla, Esq.
  Federal Bar No. ct 05967
  Warren L. Holcomb, Esq
  Federal Bar No. ct 13127.
  Berchem, Moses & Devlin, P.C.
  75 Broad Street
  Milford, CT 06460
  (203) 783-1200
  e-mail: rbuturla@bmdlaw.com
  e-mail: wholcomb@bmdlaw.com