UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD SCHIRILLO, AUGUSTO CORREIA, RANDOLPH BOND, and RONALD BRENTON<br>      Plaintiffs,<br><br>Vs.<br><br>TOWN OF STRATFORD, and in their individual and official capacities EILEEN MURPHY, MICHAEL FEENEY, DORINDA BORER, MARK BARNHART, JACK OBERNESSOR, MICHAEL SINGH, and SANDRA ZALIK<br>      Defendants. | CIVIL ACTION NO. 3:03CV674(WWE)<br><br><br><br><br><br><br><br><br>February 11, 2005 |

**PLAINTIFFS' DISPUTED ISSUES OF MATERIAL FACT**

1. The heart and hypertension benefits plaintiff's seek are provided through the defendant Town of Stratford's Retirement Plan (the Plan) (formerly §25-22 through §22-35 of the Town Code and, effective January 1, 1999, now §25-22), as amended by the Pension Provisions of their respective Collective Bargaining Agreements (CBA's), Article 13 of the agreement between the Stratford Public Works Employees Association and the Town, and Article 10 of the agreement between the Town of Stratford Supervisors' Union and the Town. Pursuant to Section X of the Plan the Retirement Board, a.k.a. Pension Board, is responsible for the general administration of the Plan set forth in the ordinance and as amended by the collective bargaining agreements. (6/98 letter from Town Manager Mark Barnhart stating the Retirement

Board is the proper forum, Ex.1; The Town Pension Code, Ex..2; Collective Bargaining Agreements, Ex.11;Memo from Eileen Murphy to Pension Board on1/30/98,5/29/98,5/31/2000 and 9/28/2000 referring to pending applications of the plaintiffs for disability pensions due to hypertension and /or heart disease,Ex.17; Notice of Meeting for the Disability Board Review Board to be held on 4/26/98,6/25/98,7/30/98,8/4/98 referring to plaintiffs application for disability benefits, Ex.13; Memo to Disability Review Board from Eileen Murphy on 4/22/97,6/19/97, referring to plaintiffs applications for disability benefits, Ex.14; and Pension Board Meeting Minutes from 4/98,10/6/99,/2/2/2000 and 3/1/2000 referring to plaintiffs pending applications for hypertension and heart disease benefits Ex. 16 )

2. Section XIII.E. of the Plan provides:

> Any action for any amount due under the provisions of this plan shall be brought within six (6) years after the right of action occurred…

( The Town Pension Code, Ex..2)

3. Each plaintiff filed an application for and was granted the heart and hypertension benefits provided in Section III. B. (1) of the Town's Pension Code (Disability Retirement) by the Town's Pension Board, as amended by Articles 13 and 10 of their respective collective bargaining agreements.  (Plaintiffs applications, Ex. 19; The Town Pension Code, Ex. 2; Defendants Answer 28, 64 and 101; Brenton deposition 20-34, Ex. 3; Memo from Eileen Murphy to Pension Board on1/30/98,5/29/98,5/31/2000 and 9/28/2000 referring to pending applications of the plaintiffs for disability pensions due to hypertension and /or heart disease,Ex.17; Notice of Meeting for the Disability Board Review Board to be held on 4/26/98,6/25/98,7/30/98,8/4/98 referring to plaintiffs application for disability

benefits, Ex.13; Memo to Disability Review Board from Eileen Murphy on 4/22/97,6/19/97, referring to plaintiffs applications for disability benefits, Ex.14; and Pension Board Meeting Minutes from 4/98,10/6/99,/2/2/2000 and 3/1/2000 referring to plaintiffs pending applications for hypertension and heart disease benefits Ex. 16 )

4. Because the Retirement Board determined that each plaintiff qualified for the same work-related disability pensions as police and fire, as set forth in the CBAs and in Section III. B.(1) of the Pension Code, it is axiomatic that plaintiffs qualify for all Chapter 568 benefits afforded police and fire under §7-433c, including but not limited to those set forth in §31-308(b).  On this basis, Summary Judgment in favor of the plaintiffs is warranted, as the Town has failed completely to provide such benefits to members which it has already determined to be qualified to receive them.(The Town Pension Code section III(B), Ex. 2; The Collective Bargaining Agreements, Ex. 11; Section 7-433(c) of the G.C.S., Ex. 8; Public law 71-524, Ex. 18)

5. The grievance procedure is not used to address claims arising out of the Town's Pension Plan, even as amended by the CBAs. In fact, the Town has never issued heart and/or hypertension benefits to an employee who has filed a claim pursuant to the grievance procedures set out in the collective bargaining agreements. (Murphy deposition 32,75-76; Correia depo 14-22 where he was continually told not to pursue his claims by filing a grievance; The Town Pension Code, Ex. 2; Defendants Answer 28, 64 and 101; Brenton deposition 20-34, Ex. 3; Memo from Eileen Murphy to Pension Board on1/30/98,5/29/98,5/31/2000 and 9/28/2000 referring to pending applications of the plaintiffs for disability pensions due to hypertension and /or heart disease,Ex.17; Notice of Meeting for the Disability Board Review Board to be

held on 4/26/98,6/25/98,7/30/98,8/4/98 referring to plaintiffs application for disability benefits, Ex.13; Memo to Disability Review Board from Eileen Murphy on 4/22/97,6/19/97, referring to plaintiffs applications for disability benefits, Ex.14; and Pension Board Meeting Minutes from 4/98,10/6/99,/2/2/2000 and 3/1/2000 referring to plaintiffs pending applications for hypertension and heart disease benefits Ex. 16 )

6. Without any written policy or procedure established by the Defendants for members like plaintiffs to pursue Chapter 568 benefits, as provided under §7-433c, the Town has employed a policy of uniformly denying such benefits through the named defendants, particularly the insurance coordinator, Eileen Murphy.   (Freedom of Information request  stating that the Town does not have any written rules or procedures for filing the claims for heart and hypertension benefits, Ex. 7;  Murphy affidavit pages where she states that there were no formal policies and she doesn't recall ever discussing them with the plaintiffs 42,58,61,72 and 111, Ex. 6; Brenton depo where he recalls not being given a straight answer on how to file a claim for heart and/or hypertension benefits 15,20-30,  Ex. 3; Correia depo  regarding the same issues 14-24 Ex. 4; Schirillo depo regarding the same issues 11-16,18,22, Ex. 5; Plaintiffs Form 43, Ex. 23)

7. Without express or implied authority, and without even a forum or procedure in which to publicly address the claims of members, Eileen Murphy is the self-proclaimed arbiter of, and employs virtually sole discretion over, determining whether Chapter 568 benefits, as provided under §7-433c, are to be awarded to members of the CBAs.  Furthermore, if in her determination such benefits are not

compensable according to her reading of §7-433c, the Town will deny benefits based on grievance procedures inconsistent with those procedures set forth for police and fire under §7-433c and Chapter 568.  (Murphy depo 6-13, 19, 23-30,40-45,59,71-72 Ex. 6; Freedom of Information request, Ex.7)

8. The Defendants Jack Obernessor and Dorinda Borer, in their capacity as Director of Human Resources, supervised and approved the actions taken by Ms. Murphy pursuant to employee claims for heart and hypertension benefits.(Murphy affidavit pages 10,11,12,13,177, Ex. 6)

9. The Defendants Barnhart and Feeney , in their capacity as Town Managers established policy for and approved actions taken by Ms. Murphy pursuant to claims.(Murphy affidavit pages 11,29,40,53; Barnhart letter, Ex.1)

 

FOR THE PLAINTIFFS
RICHARD SCHIRILLO,
AUGUSTO CORREIA,
RANDOLPH BOND and RONALD BRENTON

By: _____

James T. Baldwin, ct08535
Coles, Baldwin & Craft, LLC
1261 Post Road, P.O. Box 577
Fairfield, CT 06824
Tel. (203) 319-0800
Fax (203) 319-1210

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent via regular mail, postage pre-paid, on this date to:

Richard Buturla, Esq.
Berchem, Moses & Devlin
75 Broad Street
Milford, CT 06460

                                                            _____
                                                                       James T. Baldwin