**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RICHARD SCHIRILLO, AUGUSTO CORREIA, RANDOLPH BOND, and RONALD BRENTON | CIVIL ACTION NO. 3:03CV674(WWE) |
| Plaintiffs, | |
| Vs. | |
| TOWN OF STRATFORD, and in their individual and official capacities EILEEN MURPHY, MICHAEL FEENEY, DORINDA BORER, MARK BARNHART, JACK OBERNESSOR, MICHAEL SINGH, and SANDRA ZALIK | |
| Defendants. | February 11, 2005 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PLAINTIFFS  LOCAL RULE 56(a)(2) STATEMENT

Pursuant to L. Civ. R. 56, plaintiffs', for the purpose of objecting to defendants' summary judgment motion, contend there are genuine issues of material facts to be tried, to wit, the following:

1. Admit, but Mr. Bond is no longer a party to this action.

2. Admit, but Mr. Bond is no longer a party to this action.

3. Admit.

4. Admit but deny any suggestion that Defendant Eileen Murphy's title at all material times was only that of Insurance Coordinator for the Town.  She was also the liason between the Pension Board and the Disability Review Board and  she was the Treasurer of the Supervisors Union, as well as the Chairman of the Grievance Committee. (Murphy depo 6-7, 147)

5. Admit.

6.  Admit.

7.  Admit.

8.  Admit.

9.  Admit.

10. Deny this is the version relied upon by the Pension Board at all times that the Plaintiff's claims for Section 13.3 benefits were considered and ultimately approved.  Specifically, the final phrase, "provided there shall be a rebuttable presumption as to whether any such health condition or impairment arose out of or in the course of employment" was not included. (Interdepartmental Memos from Eileen Murphy to the Disability Review Board and the Pension Board citing the language from the collective bargaining agreements in effect at the time the Plaintiffs filed their claims for benefits, Ex. 14 and Ex. 17)

11. Admit.

12. Deny.  §7-433c(a) has been amended several times since it was first enacted as Public Act 71-524.  That original act did not include all the language cited by defendants, particularly the last seven lines starting with the words "The benefits provided by this section shall in [sic] lieu of…" (P.A. 71-524, Ex. 18).

13. Admit.

14. Admit.

15  dmit the Town's third party administrator, AON, issued a denial of the claim in the context of the Workers' Compensation Act only, on a form prescribed by the Workers Compensation Commission and in accordance with §31-294c(b) of the Act.   Plaintiffs deny this Form 43 "NOTICE TO COMPENSATION

COMMISSIONER AND EMPLOYEE OF INTENTION TO CONTEST

LIABILITY TO PAY COMPENSATION," filed with the commission by the

Town's workers' compensation claims administrator was issued to deny

compensability of the pension benefits being claimed by the plaintiff pursuant to

13.3.(§31-294c, Ex.9; Plaintiffs  Pension Applications Ex. 19,Ex.20,Ex. 21 and

Ex. 22,; Plaintiffs  Form 43, Ex. 23)

16. Deny.  The Town's pension board did grant Bond certain heart and hypertension

    benefits in the form of a work-related disability pension awarded pursuant to, and

    in accordance with, §13.3 of the Agreement.(9/4/98 Minutes of Special Meeting

    of Disability Review Board where disability pension is approved, ex. 15)

17. Admit.

18. Admit.

19. Deny.(C.G.S. 52-418 and C.G.S. 31-51bb and we could add cases standing for the

    proposition that these kind of decisions are reviewable)

20. Admit.

21. Admit the statement as alleged with the exception that the defendants deny the

    claim referred to §7-433c benefits as it specifically referenced "P.A. 524."  (April

    3, 1998 Grievance, Defendants' Ex. E)

22. Admit the grievance was denied, but for non-substantive reasons.   More

    particularly, the defendant Town Manager, Mark Barnhart, denied the grievance

    because:

> Management contends that the notice of claim is untimely.
> Management further argues that the aforementioned section of the

> <u>collective bargaining agreement pertains to retirement benefits, the</u>
> <u>award of which are at the sole discretion of the Retirement Board.</u>
> Management notes that the grievant is simultaneously pursuing a claim
> for duplicative benefits under workmen's compensation.

(Barnhart Memorandum, Ex.1)(<u>emphasis added</u>)

23. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Admit.

28. Admit.

29. Admit.

30. Admit allegations but deny suggestion that Bond's work-related disability pension application and award were not made pursuant to, and in consideration of, the heart and hypertension benefits afforded certain members in section 13.3.

31. Admit allegations but deny suggestion that Bond's work-related disability pension application and award were not made pursuant to, and in consideration of, the heart and hypertension benefits afforded certain members in section 13.3.

32. Deny.   (Refer to the Town of Stratford Interdepartmental Memorandum dated 6/18/98 by Mark Barnhart, Ex. 1; The Town Pension Code section X, Ex. 2; Notices of Meeting for Disability Review Board , Ex. 13; Interdepartmental Memos from Eileen Murphy to Disability Review Board , Ex. 15; Minutes of Special Meeting of Disability Review Board, Ex. 15; Minutes from Pension

Board Meetings, Ex. 16; Interdepartmental memos form Eileen Murphy to

Pension Board Members, Ex. 17; Murphy Deposition page 18 Ex. 6; Schirillo

Deposition page 24-25, Ex. 5; Brenton Deposition pages 20-34, Ex. 3.

33. Admit.

34. Admit.

35. Admit.

57. 36.    Admit the Town's third party administrator, AON, issued a denial of the

claim in the context of the Workers' Compensation Act only, on a form

prescribed by the Workers Compensation Commission and in accordance with

§31-294c(b) of the Act.   Plaintiffs deny this Form 43 "NOTICE TO

COMPENSATION COMMISSIONER AND EMPLOYEE OF INTENTION TO

CONTEST LIABILITY TO PAY COMPENSATION," filed with the commission

by the Town's workers' compensation claims administrator, was issued to deny

compensability of the pension benefits being claimed by the plaintiff pursuant to

13.3. (§31-294c, Ex.9; Plaintiffs  Pension Applications Ex. 19,Ex.20,Ex. 21 and

Ex. 22,; Plaintiffs  Form 43, Ex. 23)

37. Admit.

38. Admit.

39. Admit the grievance was denied, but for non-substantive reasons.

40. Admit.

41. Admit.

42. [intentionally left blank]

43. Deny.  The Town's pension board did grant Correia certain heart and hypertension benefits in the form of a work-related disability pension awarded pursuant to, and in accordance with, §13.3 of the Agreement. (Corriea depo 14-15, Ex.4)

44. Admit.

45. Admit all allegations with the exception that the claim was filed on or about October, 26, 1998. (Ex. T)

46. Admit.

47. Admit.

48. Admit.

49. Admit.

50. Deny.  The Town's pension board did grant Schirrillo certain heart and hypertension benefits in the form of a work-related disability pension awarded pursuant to, and in accordance with, §13.3 of the Agreement.(Schirillo depo  11, Ex. 5)

51. Admit.

52. Admit.

53. Admit.

54. Admit.

55. Admit.

56. Admit.  (Brenton Pension Application, Ex.22)

58. Admit the Town's third party administrator, CIRMA, issued a denial of the claim in the context of the Workers' Compensation Act only, on a form prescribed by

the Workers Compensation Commission and in accordance with §31-294c(b) of the Act.   Plaintiffs deny this Form 43 "NOTICE TO COMPENSATION COMMISSIONER AND EMPLOYEE OF INTENTION TO CONTEST LIABILITY TO PAY COMPENSATION," filed with the commission by the Town's workers' compensation claims administrator, was issued to deny compensability of the pension benefits being claimed by the plaintiff pursuant to 13.3. (§31-294c, Ex.9; Plaintiffs  Pension Applications Ex. 19,Ex.20,Ex. 21 and Ex. 22,; Plaintiffs  Form 43, Ex. 23)

59. Admit.

59. Admit.

60. Deny. (See Plaintiffs argument above regarding state case law and state statute )

61. Admit.

63. Admit.

64. Denied.  Objection to this question was made by counsel during the deposition. Also, denied to the extent this allegation purports to assert that the grievance procedure is applicable to the pension approval process.  (Brenton depo. p. 19, Ex.3; )

 65.Admit.

66. Deny.  Brenton did speak with Eileen Murphy about his pending claim for heart and hypertension benefits pending before the pension board in the context of a medical examination set up by the Town for the purpose of addressing that claim. (Brenton depo. p. 16; Dr. Liebowitz Report to Eileen Murphy, Exhibit D for Identification, Ex. 3)

67. Deny.  The Town's pension board did grant Brenton certain heart and

hypertension benefits in the form of a work-related disability pension awarded

pursuant to, and in accordance with, §13.3 of the Agreement. (Brenton depo 28,

Ex. 3)

                                        FOR THE PLAINTIFFS
                                        RICHARD SCHIRILLO, AUGUSTO
                                        CORREIA, RANDOLPH BOND and
                                        RONALD BRENTON

                        By:     _____
                                        James T. Baldwin, ct08535
                                        Coles, Baldwin & Craft, LLC
                                        1261 Post Road, P.O. Box 577
                                        Fairfield, CT 06824
                                        Tel. (203) 319-0800
                                        Fax (203) 319-1210


## <u>CERTIFICATION</u>

        This is to certify that a copy of the foregoing has been sent via regular mail, postage pre-paid, on this date to:

Richard Buturla, Esq.
Berchem, Moses & Devlin
75 Broad Street
Milford, CT 06460

Arthur C. Laske, Esq.
1261 Post Road
Fairfield, CT 06824



                                        _____
                                        James T. Baldwin

8