# EXHIBIT 2

# A Retirement Plan for Employees of The Town of Stratford
## As Revised
## Effective January 1, 1999

H:\CLIENT\21031\RETPLANSRevision102398.WPD

## INDEX

| Section | | Page |
|---|---|---|
| I | Definitions; Construal of Terms | 1 |
| II | Eligibility for Participation and Discontinuance of Participation | 4 |
| III | Eligibility for Pension | 5 |
| IV | Amount of Pension | 6 |
| V | Payment of Pensions | 8 |
| VI | Optional Forms of Pension | 8 |
| VII | Death Benefits | 10 |
| VIII | Return of Contributions | 10 |
| IX | Contributions | 11 |
| X | Administration | 12 |
| XI | Management of Funds | 13 |
| XII | Special Provisions | 14 |
| XIII | Miscellaneous | 14 |
| XIV | Effect of State Laws | 15 |

Section 25-22        ARTICLE V        RETIREMENT PLAN

AN ORDINANCE PROVIDING FOR THE REPEAL OF THE EXISTING ACT ENTITLED "AN ACT CONCERNING PENSIONS FOR EMPLOYEES OF THE TOWN OF STRATFORD, CONNECTICUT", AND THE ADOPTION IN LIEU THEREOF OF A RETIREMENT PLAN FOR EMPLOYEES OF THE TOWN OF STRATFORD.

WHEREAS: It is the intention of all concerned to re-write the act to clarify the provisions thereof, and

WHEREAS: It is intended that no existing rights of any individual under the existing act be diminished hereby; and

WHEREAS: It is intended to update and modify the plan in the following ways; and

    a) Update the plan for changes in the law since its last revision of April 8, 1970;

    b) Allow all employees regardless of age at date of hire to be covered under the Town Retirement Plan;

    c) Incorporate all special provisions applicable to various employee units in the plan through the use of appendices; and

WHEREAS: It is intended to freeze the Town Annuity Plan effective December 31, 1998.

NOW THEREFORE BE IT ORDAINED AND ENACTED BY THE TOWN COUNCIL OF THE TOWN OF STRATFORD:

SECTION 1: That the existing act entitled "AN ACT CONCERNING PENSIONS", which Act is codified in Sections 25-22 through 25-35 of the Stratford Town Code is hereby repealed.

SECTION 2: THAT UPON THE PASSAGE OF THIS Ordinance a Retirement Plan for Employees of the Town of Stratford ("Retirement Plan"), a copy of which shall be maintained in the office of the Town Clerk and the Human Resources Director, is hereby adopted and approved.

SECTION 3: To the extent the collective bargaining process modifies the provisions to the Retirement Plan, the Retirement Plan is deemed to be amended.

SECTION 4:  To the extent that the Retirement Plan is subsequently modified by collective bargaining, the amendments shall be maintained in the office of the Town Clerk and Human Resources Director.

SECTION 5:  The Town Annuity Plan shall be frozen effective December 31, 1998. No new contributions shall be made to the Town Annuity Plan with respect to compensation paid after December 31, 1998. No employee shall be eligible to join the Town Annuity Plan after December 31, 1998.

January 1, 1999 – Effective Date.

Retirement Plan
For Employees of the
Town of Stratford

## DEFINITIONS: CONSTRUAL OF TERMS.

A. The following words and phrases shall be defined as stated below unless a different meaning is plainly required by the context:

(1) "Effective Date" means April 1, 1948. This revision and restatement shall be effective January 1, 1999.

(2) "Employee" means any person regularly employed on a full-time basis by the Town, excluding any person whose customary employment is for less than twenty (20) hours in any one week, any officer of the Town elected by popular vote, the Town Manager if his written agreement with the Town provides for an alternative retirement arrangement, any employee whose terms and conditions of employment are not subject to a collective bargaining agreement who are hired into positions that are funded by grants or other non-Town sources, and any employee accruing benefits under the State Teachers' Retirement System. A full-time Board of Education employee is an employee whose customary employment is at least twenty (20) hours per week, except that a custodian is employed on a full-time basis if his customary employment is at least thirty (30) hours per week.

(3) "Equivalent Actuarial Value" means the dollar value of any benefits payable in the future, with such value determined as of any specific date. It shall be determined based on the following factors: interest rate: eight and one-half percent (8 1/2%) and mortality: 1983 Group Annuity Mortality Table with three (3) year age setback.

(4) "Fiscal Year" - The fiscal year of the Plan shall commence on July 1 of each year and end on June 30 of each year.

(5) "Member" means any Employee of the Town who becomes eligible for participation in the Plan as provided in Section II. The terms of the Plan in effect at the date of termination of employment, retirement or death shall control as to the benefits payable to the Member under the Plan unless specifically provided to the contrary.

(6) "Pension" means the annual benefit payment accrued by a Member under the provisions of the Plan.

(7) "Plan" means the "Retirement Plan for Employees of the Town of Stratford" as set forth herein or as hereafter amended.

H:\CLIENT\21031
\RETPLAN5Revision102398.WPD

-1-

(8) "Retired Member" means a Member who has retired in accordance with the provisions of the Plan.

(9) "Regular Interest" means the annual interest rate as shall be determined by the Retirement Board to be credited thereon to Members' contributions compounded annually on the last day of the Fiscal Year.

(10) "Retirement Board" or "Board" means the Retirement Board provided for in Section X hereof.

(11) "Retirement Fund" means the fund established by contributions made by the Town, Members, and Retired Members and from which the amounts of pensions are to be paid to the Members, Retired Members and beneficiaries in accordance with the provisions of the Plan.

(12) "Retirement System" means the plan for retirement of Town of Stratford employees as provided herein. This definition may be modified by an Appendix to this Plan covering one or more employee units.

(13) "Town" means the Town of Stratford.

(14) "Employee Unit means any unit of Employees whether defined by collective bargaining agreement or otherwise. The units and the Appendix applicable to each unit shall be as follows:

(a) The Stratford Public Works Employees Association, Local #134, Affiliate of the International Federal of Professional & Technical Engineers, AFL-CIO-CLC - Appendix A,

(b)-1 Pension Agreement between the Town of Stratford and Stratford Police Local #407 and Council #15, AFSCME, AFL-CIO (Plan A). - Appendix B-1,

(b)-2 Pension Agreement between the Town of Stratford and Stratford Police Local #407 and Council #15, AFSCME, AFL-CIO (Plan B). - Appendix B-2,

(c) An Agreement between the Town of Stratford and Stratford Fire fighters, Local 998, IAFF AFL-CIO concerning Retirement and Survivors Benefit. - Appendix C,

(d) Stratford Town Supervisors Union, Local 3804 of Connecticut Council #4, AFSCME, AFL-CIO - Appendix D,

(e) Clerical/Administrative Employees, Local 136, International Federation of Professional and Technical Engineers, AFL-CIO-CLC - Appendix E,

(f) Non-Certified Board of Education Employees

    (i) Stratford Public Schools Custodians Association, Local 134A, International Federation of Professional and Technical Engineers, AFL-CIO - Appendix F-(i),

    (ii) Stratford Association of Educational Secretaries, Local 136, International Federation of Professional and Technical Engineers, AFL-CIO-CLC - Appendix F-(ii),

    (iii) Paraprofessionals and others, Local 376, United Automobile, Aerospace, Agricultural Implement Workers of America - Appendix F-(iii),

    (iv) New England Health Care Employees, Union District 1199, SEIU, AFL-CIO - Appendix F-(iv),

    (v) Non-Bargaining Personnel Union - Appendix F-(v), and

(g) Non-Union Executive Group - Appendix G, and

(h) Non-Union Clerical Group - Appendix H.

B. Construal of Terms

(1) "Compensation" of a Member as of any particular date means the total compensation paid to him by the Town as reportable for determining income for federal income tax purposes, and the term "compensation" shall include but not be limited to basic salary, longevity pay, overtime pay and pay for acting in a higher classification. Regardless, private duty pay for Employees of the Police Department shall not be included in Compensation under this Plan.

(2) "Annual Rate of Compensation" shall mean the total Compensation paid to the Member by the Town for twelve (12) months immediately prior to his retirement or death.

(3) "Average Annual Compensation" of a Member as of any particular date means the average of the total Compensation for the thirty-six (36) months immediately prior to his retirement, termination of employment or death unless otherwise specified in an Appendix to this Plan covering one or more Employee Units.

(4) "Continuous Service" of an Employee as of any particular date, unless otherwise specified in an Appendix to this Plan covering one or more Employee Units, means the number of years and completed months determined by the Town to represent his most recent period of uninterrupted service with the Town. Approved leaves of absence not in excess of one (1) year shall not be deemed to interrupt an Employee's Continuous Service but the period of time covered by all such leaves of absence shall not be included in determining an Employee's length of Continuous Service. For leaves of absence in excess of one (1) year, the Retirement Board shall determine the period for which an Employee may be re-employed without causing his Continuous Service to be interrupted. Reinstatements shall be based upon a medical examination, if the

Retirement Board so determines, and upon payment to the Retirement Fund of previously withdrawn contributions, if any, plus an amount which, together with such contributions, represents the value of the annuity (as determined by the Retirement Board) established for the previous period of employment. For the purposes of determining eligibility for retirement benefits, no year of service shall be included, except as otherwise stated, for which the Employee was in actual service of the Town for less than nine (9) months.

Leaves of absence to perform service in the uniformed services of the United States, on a voluntary or involuntary basis, shall not interrupt an Employee's Continuous Service. The entire period of all such leaves of absence shall be included in determining an Employee's length of Continuous Service provided:

(a) the Employee left the employment of the Town for the purpose of performing service in the uniformed services of the United States;

(b) the Employee or a representative from the uniformed service gave the Employer advance written or oral notice of the impending service (unless such notice was precluded by military necessity);

(c) the Employee did not receive a dishonorable or bad conduct discharge, or otherwise separate from such uniformed service under other than honorable conditions;

(d) the Employee reported to the Employer or submitted an application for reemployment within fourteen (14) days after the completion of the period of service, if the period of service was for less than one hundred eighty-one (181) days, or the Employee submitted an application for reemployment within ninety (90) days after the completion of the period of service, if the period of service was for more than one hundred eighty (180) days;

(e) the Employee was reemployed by the Town, and such reemployment was not denied by the Town on the basis that (1) the Town's circumstances had changed so much as to make such reemployment impossible or unreasonable; (2) such reemployment would impose an undue hardship on the Town, or (3) the Employee's prior employment with the Town was for a brief, nonrecurrent period, and the Employee had no expectation that such employment would continue for a significant period; and

(f) the Employee did not withdraw his contributions to the Retirement Fund at any time during his absence.

(5) Whenever used in the Plan the masculine pronoun shall be deemed to include masculine and feminine gender unless the context indicates otherwise.

SECTION II.   ELIGIBILITY FOR PARTICIPATION AND DISCONTINUANCE OF PARTICIPATION.

Any Employee who is a Member of the Plan as of October 1, 1967 shall continue to be a Member. However, until December 31, 1998, any person who is employed after October 1, 1967

shall be required to participate commencing with his date of employment; provided he has not then attained his forty-fifth (45th) birthday. Effective January 1, 1999, the maximum age for eligibility shall be eliminated, except that the maximum age for eligibility shall be disregarded for any Employee who retired, died, terminated employment or became disabled between July 1, 1998 and December 31, 1998, and such Employee shall be treated as if he were a Member of the Plan as of his last day of employment with the Town.

Any Member shall remain an active Member as long as:

(a) his Continuous Service is not broken, or

(b) he remains an Employee as defined herein, or

(c) he is not retired under the provisions hereof.

SECTION III.            ELIGIBILITY FOR PENSION.

    A. Superannuation.

Upon filing a written application with the Retirement Board, any Member who has completed twenty-five (25) or more years of Continuous Service, or who has completed ten (10) or more years of Continuous Service and has attained age sixty (60), shall be entitled to retire within sixty (60) days subsequent to the date of filing.

    B. Disability Retirement.

(1) In the event a Member becomes disabled, either physically or mentally and he has satisfied such conditions as provided in an Appendix to this Plan covering one or more Employee Units, he shall be eligible for a disability pension. If disability occurs from causes not in connection with the Member's employment with the Town, he shall be eligible for a disability benefit as provided in subsection IV(B) ("Disability Not Incurred In Line of Duty"). If disability occurs from causes in connection with the Member's employment with the Town, he shall be eligible for a disability benefit as provided in subsection IV(C) ("Disability Incurred in Line of Duty"). The term "Line of Duty" may be further defined in an Appendix to this Plan covering one or more Employee Units. The Disability Review Board shall consist of three (3) members to be appointed by the Town Council for a two (2) year term, and said membership shall consist of at least one (1) physician and two (2) other members, each of whom shall be one (1) of the following: a physician, a vocational expert, a human resources of personnel expert, a member of a human services organization, an attorney at law or such other person possessing the education, experience or training in those areas which, in the determination of the Council, are sufficient to produce in that person a special skill in assessing disablement from employment. No member of the Disability Review Board shall be employed by the Town or hold any other office within the Town. Compensation shall be determined by the Town Council. In the case of firefighters and police, disablement due to hypertension or heart disease shall be conclusively presumed to be a

disability incurred in the line of duty. The Disability Review Board shall make a recommendation to the Retirement Board in connection with any application to the Retirement Board seeking a disability retirement. This recommendation shall consist of an opinion as to whether an applicant is disabled within the meaning of this subsection, and an opinion as to whether that disability occurred in connection with the applicant's employment with the Town.

(2) A Member shall be deemed physically or mentally disabled when, on the basis of medical evidence satisfactory to the Retirement Board, he is found to be incapable of carrying on the duties for which he was employed. In making this determination, the Retirement Board shall give due consideration to the recommendation of the Disability Review Board. Should the Retirement Board disagree with the recommendation of the Disability Review Board, and further, should the Retirement Board vote not to follow said recommendation, then in such event the said vote shall be taken on the basis of a roll-call vote. No Member shall be deemed disabled for the purpose of the Plan if his incapacity was contracted, suffered or incurred as a result of his own willful misconduct or of an accident which occurred during other employment.

(3) Any disabled Retired Member may be required to submit to medical examination at any time during retirement prior to age sixty-five (65), but not more often than once each year to determine whether he is eligible for continuance of the disability pension. If, on the basis of such an examination, it is found he is no longer disabled, his disability pension will cease. In the event the disabled Retired Member refuses to submit to medical examination, his pension will be discontinued until he submits to such an examination.

(4) All Members of the Plan, with the exception of police, firefighters, Town Hall hired before January 9, 1979 and any other members of a bargaining unit who presently are entitled to the heart and hypertension benefit, after the effective date contained in this subsection, will not be entitled to a job-related disability pension due to hypertension or heart disease.

(5) This subsection may be modified in an Appendix to this Plan covering one or more Employee Units.

C. <u>Deferred Vested Pension</u>

Unless otherwise provided in an Appendix to this Plan covering one or more Employee Units, a Member who terminates employment with ten (10) years or more of Continuous Service shall be entitled to receive a Pension when he reaches the later of (1) his termination of employment date, or (2) the earlier of (a) twenty-five (25) years after his hire date, or (b) the date he reaches age sixty (60).

SECTION IV.    AMOUNT OF PENSION.

A. <u>Superannuation</u>. Unless otherwise provided in an Appendix to this Plan covering one or more Employee Units, the Pension payable to a Member who is superannuated is an amount equal to two percent (2%) of his Average Annual Compensation multiplied by his Continuous

Service. The maximum Pension calculated hereunder shall be sixty percent (60%) of Average Annual Compensation unless otherwise provided in an Appendix to this Plan.

If an Employee has been excluded from this Plan prior to January 1, 1999 because he was forty-five (45) or more years old on the date of his employment, but he becomes a Member under Section II. as of said effective date, he shall be eligible for a benefit under this Section IV.A. when he is fifty-five (55) or more years old and has at least five (5) years of Continuous Service, and his benefit under this Section IV.A. shall be reduced by the Equivalent Actuarial Value, as defined in Section I.A.(3), of his account balance in the Town Annuity Plan (including the full employee contribution under that Plan) as of the earlier of December 31, 1998 or the valuation date coincident with or immediately following his last day of employment with the Town.

B. <u>Disability Not Incurred in Line of Duty</u>. The disability retirement Pension payable to a Member is an amount equal to two percent (2%) of his Average Annual Compensation multiplied by his Continuous Service. Unless otherwise provided in an Appendix to this Plan covering one or more Employee Units, such pension shall not be less than thirty percent (30%) of Average Annual Compensation nor greater than sixty percent (60%) of Average Annual Compensation.

C. <u>Disability Incurred In Line of Duty</u>. Unless provided otherwise in an Appendix to this Plan, the disability retirement Pension payable to a Member is an amount equal to sixty-six and two-thirds percent (66-2/3%) of his Compensation for the twelve (12) months immediately preceding his date of retirement.

D. <u>Deferred Vested Pension</u>. A Member entitled to a Deferred Vested Pension shall be entitled to a Pension equal to two percent (2%) of his Average Annual Compensation (averaged over the thirty (30) months immediately prior to his termination of employment) multiplied by his Continuous Service unless otherwise provided in an Appendix to this Plan covering one or more Employee Units.

E. <u>Increase (To Base Benefits) To Offset Inflation</u>. Notwithstanding the amount of pension benefits calculated pursuant to subsections A, B and C herein, the amount of such benefits shall, as of July 1, 1996, increase for those Retired Members who have retired from active service prior to January 1, 1991, and whose benefits as of July 1, 1996 are less than twenty thousand dollars ($20,000). The amount of such increase shall include all prior increases and be determined according to the following schedule and shall not be considered an annual adjustment; except that no person eligible for an increase hereunder shall receive benefits of more than twenty thousand dollars ($20,000) after the increase under this subsection is applied.

| Base Benefit After Prior Increases | Increase |
|---|---|
| $927.00 to $3,867.00 | $750.00 |
| $4,077.00 to $7,499.00 | $600.00 |
| $7,605.00 to $11,206.00 | $500.00 |
| $11,308.00 to $15,515.00 | $400.00 |
| $15,661.00 to $19,931.00 | $300.00 |

SECTION V.        PAYMENT OF PENSIONS.

A. Except as otherwise provided in the next succeeding paragraph, a Pension shall be paid to a Retired Member so long as he shall live, in monthly installments on the last day of the month; provided the initial pension payment shall be calculated as the monthly pension amount multiplied by the ratio that the number of days in the month of retirement less the number of days in such month to the date of retirement bears to the number of days in the month of retirement. Upon the Retired Member's death, an annual allowance equal to the greater of twenty-five percent (25%) of the Compensation the deceased Retired Member was earning at the time of retirement or fifty percent (50%) of the Pension he was receiving during his period of retirement is payable in monthly installments to his spouse until such spouse's remarriage or death, and upon the death of said spouse or in the event there is no surviving spouse, then such allowance shall be payable in equal shares to the children of such Member while they are under twenty-one (21) years of age, with the share of each child attaining twenty-one (21) to be divided equally among those remaining children less than age twenty-one (21). If there is no surviving spouse or children under age twenty-one (21) at the time of the Retired Member's death, then such allowance shall be payable to the solely dependent parent or parents of the Retired Member until their deaths. If there is no spouse, children under twenty-one (21), or solely dependent parents at the time of the Retired Member's death and he had not then received in pension payments totalling the amount of his accumulated contributions at retirement, the difference between the amount of pension payments made to him in the amount of his accumulated contributions at retirement shall be paid to his designated beneficiary or if there is no designated beneficiary, to his estate.

B. Notwithstanding anything in the immediately proceeding paragraph to the contrary, in the event a Retired Member dies within one (1) year from an accident incurred while in line of duty which caused such death, an annual allowance equal to fifty percent (50%) of the Compensation the Member received for the last twelve (12) months with the Town, or one thousand five hundred dollars ($1,500), if greater, is payable in monthly installments to the spouse until such spouse's remarriage or death, and upon the death of such spouse or in the event there is no surviving spouse, then such allowance shall be payable in equal shares to the children of such Member while they are under twenty-one (21) years of age, with the share of each child attaining age twenty-one (21) to be divided equally among those remaining children less than age twenty-one (21). If there is no surviving spouse or children under twenty-one (21) at the time of the Retired Member's death, then such allowance shall be payable to the solely dependent parent or parents of the Retired Member until their deaths. If there is no spouse, children under twenty-one (21), or solely dependent parents at the time of the Retired Member's death and he had not then received in pension payments totalling the amount of his accumulated contributions at retirement, the difference between the amount of pension payments made to him in the amount of his accumulated contributions at retirement shall be paid to his designated beneficiary, or if there is no designated beneficiary, to his estate.

SECTION VI.       OPTIONAL FORMS OF PENSION.

A. In lieu of the full amount of Pension to which he is entitled under Section V above, a Member may elect prior to his retirement a monthly pension of Equivalent Actuarial Value payable under either of the options described below. Election of either optional pension may be made at

any time up to his retirement, but if the election is made within two (2) years before his retirement, he may be required to provide evidence of his good health acceptable to the Retirement Board. If the Member has elected an option, he may cancel the option prior to his retirement only with the approval of the Retirement Board, which shall have the right to require, prior to granting such approval, evidence satisfactory to it of the good health of the previously-designated joint annuitant, and to require any other reasonable evidence to be submitted to it in order to assure itself that there shall be no adverse actuarial selection against the Fund.

(1) _Option 1._ A reduced pension payable during the Member's life, with the provision that after his death it shall be paid during the life of, and to, the annuitant nominated by him by written designation duly executed and filed with the Town when he elected the option; or

(2) _Option 2._ A reduced pension payable during the Member's life, with the provision that after his death an allowance at one-half (½) the rate of his reduced pension shall be paid during the life of, and to, the annuitant nominated by him by written designation duly executed and filed with the Town when he elected the option.

B. If a Member or the annuitant designated under the option dies before the option become effective, the election shall thereby be revoked.

C. For distributions made on or after January 1, 1993, notwithstanding any provision of the Plan to the contrary that would otherwise limit an election by a Member or other Distributee, a Member or other Distributee may elect, at the time and in the manner prescribed by the Retirement Board, to have any portion of an Eligible Rollover Distribution paid directly to an Eligible Retirement Plan specified by the Member or other Distributee in a Direct Rollover. For purposes of this paragraph, (1) an Eligible Rollover Distribution is any distribution of all or any portion of the balance to the credit of the Member or other Distributee, except that an Eligible Rollover Distribution does not include: any distribution that is one of a series of substantially equal periodic payments (not less frequently than annually) made for the life (or life expectancy) of the Member or other Distributee or the joint lives (or joint life expectancies) of the Member or other Distributee and the Member's or other Distributee's designated beneficiary, or for a specified period of ten (10) years or more; any distribution to the extent such distribution is required under Internal Revenue Code ("Code") Section 401(a)(9); and the portion of any distribution that is not includible in gross income; (2) an Eligible Retirement Plan is an individual retirement account described in Code Section 408(a), an individual retirement annuity described in Code Section 408(b), an annuity plan described in Code Section 403(a), or a qualified trust described in Code Section 401(a), that accepts the Member's or other Distributee's Eligible Rollover Distribution. However, in the case of an Eligible Rollover Distribution to the surviving spouse, an Eligible Retirement Plan is an individual retirement account or individual retirement annuity; (3) a Distributee includes an employee or former employee. In addition, the employee's or former employee's surviving spouse and the employee's or former employee's spouse or former spouse who is the alternate payee under a Qualified Domestic Relations Order, as defined in Code Section 414(p), are Distributees with regard to the interest of the spouse or former spouse; and (4) a Direct Rollover is a payment by the Plan to the Eligible Retirement Plan specified by the Member or other Distributee.

SECTION VII.   DEATH BENEFITS.

A. <u>Death Not Incurred in Line of Duty.</u>  In case of the death, prior to his retirement under the Plan, of a Member after he has completed ten (10) years of Continuous Service (including a Member who has terminated employment and is entitled only to a Deferred Vested Pension), exclusive of service as a volunteer firefighter or special police, there shall be a benefit payable to his surviving spouse until such spouse's remarriage or death. Upon the death of said spouse or in the event there is no surviving spouse, then such benefit shall be payable in equal shares to the children of such Member while they are under age twenty-one (21), with the share of each child attaining age twenty-one (21) to be divided equally among those remaining children less than age twenty-one (21). If there is no surviving spouse or children under age twenty-one (21) at the time of the Member's death, then such benefit shall be payable to the solely dependent parent or parents of the Member until his death. If there is no spouse, children under age twenty-one (21), or solely dependent parents at the time of the Member's death, the amount of his contributions to the Retirement Fund shall be paid to his estate. The amount of such annual death benefit shall be equal to twenty-five percent (25%) of the Member's Compensation for the twelve (12) months immediately preceding his date of death.

B. <u>Death Incurred in Line of Duty.</u>

(1) Upon receipt of proof, satisfactory to the Retirement Board, of the death of a Member within one (1) year from an accident incurred while in line of duty which caused such death, there shall be a benefit payable to his surviving spouse until such spouse's remarriage or death. Upon the death of said spouse or in the event there is no surviving spouse, then such benefit shall be payable in equal shares to the children of such Member while they are under age twenty-one (21), with the share of each child attaining age twenty-one (21) to be divided equally among those remaining children less than age twenty-one (21). If there is no surviving spouse or children under age twenty-one (21) at the time of the Member's death, then such benefit shall be payable to the solely dependent parent or parents of the Member until his death. If there is no spouse, children under age twenty-one (21), or solely dependent parents at the time of the Member's death, the amount of his contributions to the Retirement Fund shall be paid to his estate. Except as otherwise provided in an Appendix to this Plan covering one or more Employee Units, the amount of such annual death benefit shall be equal to fifty percent (50%) of the Compensation the Member received for the twelve (12) months immediately preceding his date of death, or one thousand five hundred dollars ($1,500), if greater.

(2) In the case of firefighters and police, death due to hypertension or heart disease shall be conclusively presumed to be death incurred in line of duty.

(3) If provided in an Appendix to this Plan covering one or more Employee Units, there shall be special benefits if the death is deemed to be an accidental death.

SECTION VIII.   RETURN OF CONTRIBUTIONS.

A. If a Member's employment with the Town is terminated for reasons other than death or retirement and the Member is not entitled to a Deferred Vested Pension, unless otherwise

H:\CLIENT\21031\RETPLAN5Revision102398.WPD                   -10-

provided in an Appendix to this Plan covering one or more Employee Units, his contributions, together with Regular Interest on contributions held by the Retirement Fund or such other rate of interest specified in an Appendix to the Plan for a period of at least six (6) months prior to date of termination shall be paid to him in one sum.

 B. Upon receipt of proof, satisfactory to the Retirement Board of the death of a Member, payments in accordance with the provisions of Section VII shall prevail. If the provisions of Section VII are not applicable to the deceased Member, unless otherwise provided in an Appendix to this Plan covering one or more Employee Units, his contributions together with Regular Interest on contributions held by the Retirement Fund for a period of at least six (6) months prior to the date of death shall be paid in one sum to his designated beneficiary, if living, or to his estate.

 C. Upon receipt of proof, satisfactory to the Retirement Board, of the death of a Retired Member, payments in accordance with the provisions of Section V shall prevail.

<u>SECTION IX.</u>  <u>CONTRIBUTIONS.</u>

 A. <u>Contributions by Members.</u> Each Member shall make annual contributions to the Plan during his period of Continuous Service, but not for a period in excess of thirty (30) years or, if longer, the maximum period of Continuous Service taken into account under Section IV.A. Unless otherwise specified in an Appendix to this Plan covering one or more Employee Units, such annual contribution shall be an amount equal to five percent (5%) of the Member's Compensation for that Fiscal Year. Such Contributions shall be deducted by the Town from the Compensation of each Member and shall be paid to the Retirement Fund.

 B. <u>Contributions by Town.</u> The Town shall make annual contributions to the Retirement Fund which together with the Member's contributions shall be required under accepted actuarial principles to maintain the Plan in a sound condition and to pay the expenses incident to the operation and management of the Plan. Any and all contributions made to the Plan by the Town shall be irrevocable, and shall be transferred by the Town to the Retirement Fund by which the assets of the Plan are held as provided in Section XI, to be used in accordance with the provisions of the Plan in providing the benefits of the Plan; and neither such contributions nor any income therefrom shall be used for, or diverted to, purposes other than for the exclusive benefit of Members, Retired Members or other persons entitled to a benefit under the Plan prior to the satisfaction of all liabilities for benefits under the Plan.

 C. <u>Employer Pick up of Employee Contributions.</u> Pursuant to the provisions of Section 414(h)(2) of the Code, the Town of Stratford shall pick up and pay the contributions which would otherwise be payable for service after January 1, 1997, except that Members who are included in a collective bargaining unit recognized by the Town, shall have their contributions picked up and paid for in the manner described herein on such date as is agreed upon by the Town and the collective bargaining unit, or if later, the date the Employee becomes a Member. The contributions so picked up shall be treated as employer contributions for purposes of determining the amount of contributions for purposes of determining the amount of federal income taxes to be withheld from each Member's salary.

Member contributions picked up by the Town shall be paid from the same source of funds used for payment of salaries to Members. A deduction shall be made from each Member's salary equal to the amount of the Member's contributions picked up by the Town, provided that such deduction shall not reduce the Member's salary for purposes of computing benefits under this Plan.

Member contributions picked up by the Town shall be credited to a separate account within each Member's employee unit contribution account, so that amounts contributed by the Member before January 1, 1997, or the effective date of any collective bargaining agreement enacting this provision, whichever comes later, may be distinguished from the Member contributions picked up by the Town.

SECTION X.        ADMINISTRATION.

A. The Retirement Board responsible for the general administration of the Plan shall consist of thirteen (13) persons to be chosen for two (2) year terms in the following manner: The Town Council shall appoint seven (7) members of the Council; the employees of the Public Works Department, the Police Department, the Fire Department and the Educational Department shall each elect one of their members as a member and other Town employees, as a group, shall elect one of their members as a member. Each department election shall be under the supervision of the department head. The Director of Finance of the Town shall be Treasurer of the Retirement Fund. The term of office of a representative to the Retirement Board and any provisions regarding alternates shall be subject to rules contained in any Appendices to this Plan covering one or more Employee Units.

B. The Retirement Board may, by majority vote of its membership, authorize the investment agent selected by the Board under Section XI of this Plan to act with the same authority as given to the Treasurer in the succeeding subsection.

C. The Treasurer shall be responsible for all withdrawals of any fund moneys. He may transfer moneys necessary to maintain the checking account; he shall make refunds to Members in accordance with Plan provisions; he may make disbursements for operating expenses, not exceeding one hundred dollars ($100) each, but shall make no other payments or disbursements unless or until authorized by the Board.

D. The Secretary of the Retirement Board shall be appointed by the Board and shall keep a written record of its proceedings and all action taken by the Board with regard to the Retirement Fund and shall furnish the Town Clerk and the Treasurer of said Fund with copies of all proceedings promptly after each meeting. The members appointed by the Council may be removed by the Council, but if, in case of such removal, the member shall so demand, removal charges shall be preferred by the Town Council, and the member shall be given a public hearing before the order of removal shall be final.

E. The Retirement Board shall serve without compensation. The Board shall employ such actuarial, medical, clerical and other services as may be necessary for the proper operation of the

Plan. The Board shall submit annually to the budget officer of the Town in preparation for the annual budget the amount of any special payments to the Fund during the coming year and a schedule of the estimated expenses necessary for the administration of the Retirement Fund during the coming year. All the expenses of administration of the Retirement Fund shall be paid by the Town upon vouchers signed by the Town Manager and the Treasurer of the Fund.

F. The Retirement Board may at any time adopt the rate of Regular Interest which shall be used in all actuarial calculations required in connection with the Plan. As an aid to the Retirement Board in adopting such rates, the actuary designated by the Retirement Board shall make actuarial valuations of the prospective assets and liabilities of the Plan at least once in every five (5) years, and shall submit to the Retirement Board such rates as he recommends for use.

G. The Retirement Board may not adopt changes in the provisions of the Plan as set forth herein, until a study of the proposed changes has been made by an actuary retained by the Retirement Board.

H. The Retirement Board shall, on or before August 1 of each year, file with the Town Council an annual report showing the financial condition of the Retirement Fund as of the end of the previous Fiscal Year, with all items of receipts and all items of disbursements during the Fiscal Year, and setting forth such other facts, recommendations and data as may be of value to the Members of the Plan.

I. The books, records and accounts of the Fund shall be subject to annual audit as provided in Section 55 of Number 479 of the Special Acts of 1921.

J. The Retirement Fund shall be disbursed only for the purpose of investment, refunds to Members, payment of benefits and for the expenses of the Fund.

SECTION XI.   MANAGEMENT OF FUNDS.

The Retirement Board shall have control of the Retirement Fund and may, by a majority vote of its membership, direct the Treasurer to invest any portion of the Fund in bonds of the Town or with an insurance company or other accredited investor in a group annuity contract or in the same manner as trust funds may be invested under Section 45a - 203 of the Connecticut General Statutes. The Board may direct the Treasurer of the Fund, by a majority vote of its membership, to deposit the Fund or any portion thereof with the investment agent selected by the Board under the authority of the previous sentence or in any of the savings banks or trust companies organized and doing business in the state or in any national bank organized under the laws of the United States and doing business in the state. The Treasurer shall be bonded for ten thousand dollars ($10,000), such bond to be paid for out of the Retirement Fund.

SECTION XII.    SPECIAL PROVISIONS.

A. Effective as of April 1, 1970, the monthly rate of pension in effect on April 1, 1969 of Retired Members and beneficiaries on the pension payroll as of March 31, 1969 shall be increased in accordance with the following schedule:

| Period During Which Member Retired or Died While in Active Service | Percentage by Which Monthly Rate of Pension in Effect as of April 1, 1969 Shall Be Increased |
|---|---|
| Prior to January 1, 1950 | 57% |
| January 1, 1950 to December 31, 1954 | 51% |
| January 1, 1955 to December 31, 1959 | 36% |
| January 1, 1960 to December 31, 1964 | 21% |
| January 1, 1965 to March 31, 1969 | 6% |

B. The adjusted amount of pension payment to a Retired Member or beneficiary on the pension payroll as of March 31, 1969, referred to in the immediately preceding paragraph, shall be payable in accordance with the provisions of Section V, VI, or VII hereof, as the case may be.

SECTION XIII.    MISCELLANEOUS.

A. No benefits payable under the Plan shall be subject in any manner to attachment, anticipation, alienation, sale, transfer, pledge, encumbrance or charge, and any attempt so to attach, anticipate, alienate, sell, transfer, pledge, encumber, or charge shall not be recognized except as may be provided by a valid order of a domestic relations court which follows the terms and provisions of this Plan. No benefits payable under the Plan shall be subject in any manner to the debts, contracts, liabilities, engagements, or torts of any person.

B. The establishment or maintenance of the Plan shall not be construed as conferring any legal rights upon any employee or other person for a continuation of employment, nor shall it interfere with the rights of the Town to discharge any employee and to treat him without regard to the effect which such treatment might have upon him as a Member of the Plan.

C. This Plan shall not be construed as affecting or changing the provisions of the workmen's compensation law as they may at any time apply to a Member of the Plan.

D. The provisions of this Plan shall not diminish the rights of any person who was a Member of the Plan of the Town prior to the Effective Date of this Plan.

E. Any action for any amount due under the provisions of this Plan shall be brought within six (6) years after the right of action accrued. Persons legally incapable of bringing an action when the right accrues may sue at any time within two (2) years next after becoming legally capable of instituting suit. All amounts not claimed within said limitation period shall remain absolutely a part of the Retirement Fund.

F. Benefits under this Plan shall be subject to the limits contained in Section 415 of the Code.

G. This Plan is subject to superseding terms and conditions provided for in the respective collective bargaining agreements or arbitration awards which are on file in the office of the Town Clerk.

SECTION XIV.   EFFECT OF STATE LAWS.

The Plan shall be construed, regulated, and administered under the laws of the State of Connecticut.

H:\CLIENT\21031\RETPLAN5Revision102398.WPD