# EXHIBIT 7

FREEDOM OF INFORMATION COMMISSION
OF THE STATE OF CONNECTICUT

In the Matter of a Complaint by                    FINAL DECISION

James T. Baldwin,

        Complainant

     against                                         Docket #FIC 2002-559

Town Clerk, Town of Stratford,

        Respondent                                 June 11, 2003

     The above-captioned matter was scheduled to be heard as a contested case on Thursday, April 24, 2003, at which time the complainant and counsel for the respondent appeared. At an informal conference held after the opening of the hearing, the complainant and counsel for the respondent reached the terms of an agreement in resolution of this contested case.

     In that agreement, the parties agreed that:

    1.  A duly authorized agent of the town will provide an affidavit regarding the existence or nonexistence of any and all written policies or procedures, formal or informal, for the handling and/or administration of claims of the former public works employees under Section 13.3 of the agreement by and between the Stratford Public Works Employees Association, Local #134 and the Town of Stratford, Connecticut dated September 15, 1994, and if any such written policies or procedures exist, a copy of any and all such written policies or procedures shall be attached to the affidavit.

    2.  The town will provide copies of any and all records pertaining to all persons who received benefits through the town pursuant to Section 13.3 of the agreement between the Stratford Public Works Employees Association, Local 134 and the Town of Stratford, CT dated September 15, 1994, including but not limited to:

        a.  the names of such former employees who received benefits under Section 13.3 of the agreement;

        b.  applications, evaluations, memoranda, notes, correspondence, approvals, minutes of meetings and conclusions of any examining doctors as to the eligibility of such claimants for such benefits and any other materials in the possession of the town concerning such claims, excluding therefrom residential addresses of the claimants,

Docket #FIC2002-559

Page 2

social security numbers of the claimants and medical information from such records other than set forth above.

3.  The copies and the affidavit will be provided within three (3) weeks of the date of the notice of final decision of the Commission in this matter.

The following order by the Commission is hereby recommended on the basis of the record concerning the above-captioned complaint:

1.  The complaint is hereby dismissed.

2.  The Commission commends both parties for reaching a non-litigated settlement of this matter.

Approved by Order of the Freedom of Information Commission at its regular meeting of June 11, 2003.

Dolores E. Tarnowski
Clerk of the Commission

Docket #FIC2002-559 ·                                                    Page 3

PURSUANT TO SECTION 4-180(c), G.S., THE FOLLOWING ARE THE NAMES OF
· EACH PARTY AND THE MOST RECENT MAILING ADDRESS, PROVIDED TO THE
FREEDOM OF INFORMATION COMMISSION, OF THE PARTIES OR THEIR
AUTHORIZED REPRESENTATIVE.

THE PARTIES TO THIS CONTESTED CASE ARE:

James T. Baldwin
Coles, Baldwin & Craft, LLC
1261 Post Road
P.O. Box 577
·Fairfield, CT  06824

Town Clerk, Town of Stratford
c/o Thomas Galvin Cotter, Esq.
Joseph L. Rini, Esq.
Berchem, Moses & Devlin, PC
75 Broad Street
Milford, CT  06460


_Dolores E. Tarnowski_
Dolores E. Tarnowski
Clerk of the Commission


FIC/2002-559FD/mes/06/17/2003

FREEDOM OF INFORMATION COMMISSION
OF THE STATE OF CONNECTICUT

In the Matter of a Complaint by

James T. Baldwin,

        Complainant

   Against                           Docket # FIC 2002-559

Town Clerk, Town of Stratford,

        Respondent                July 9, 2003

## AFFIDAVIT RE: WRITTEN POLICIES

    I, Eileen Murphy, being sworn, depose and say:

    1.    I am over 18 years of age and I understand the obligations of the oath.

    2.    I am making this affidavit as part of the Town of Stratford's production in the above-captioned matter.

    3.    I am insurance coordinator for the Town of Stratford.

    4.    The Town's Human Resources Department is the department charged with the responsibility for the administration of workers compensation and heart and hypertension claims including claims filed under Section 13.3 of the Stratford Public Works Employees Association Local # 134 and the Town Agreement dated September

RECEIVED: 7/ 8/03 1:08PM; ->TOWN OF STRATFORD; #572; PAGE 3

JUL-09-2003  13:50        BERCHEM, MOSES & DEVLIN            203 878 4912    P.03/03

15, 1994 (Section 13.3 Claims). As part of that administration, the Human Resources

Department holds the records relating to claims for Section 13.3 benefits for the period

from April 1, 1974 to present.

     5.    In compliance with paragraph numbered 1 of the Final Decision, I

undertook a review of the records of the Department, the Town's Pension Board and the

Town's Disability Review Board to determine whether there are any written policies and

procedures formal or informal for the handling of Section 13.3 claims. There are no

written policies or procedures formal or informal, except as set forth in the Pension

Ordinance and the Policy for Reporting Injury. The following forms are routinely, but not

exclusively used, as applicable. First Report of Injury, Workers' Compensation Notice

of Claims-Form 30C, Workers' Compensation Denial and Application for Retirement.

                      Affiant-Eileen Murphy

     Subscribed and sworn to before me this 9th day of July 2003.

                    NOTARY PUBLIC  GAIL J. Nobili
                    My Commission Expires:  4/30/2007