# EXHIBIT 9

injuries which occur on or

lid not change his status to
action against fellow em-
ation of a motor vehicle".
f Sec. 4-165 prevails over
-624. This section, which
a motor vehicle, does not
: vehicle" construed as not
ited. 193 C. 59, 68. Cited.
.92, 597, 599, 604. "Motor
i8. Cited. 222 C. 744, 758.
inder the act are not barred

with those engaged in any
nent of a vehicle. Id., 246–
d. Id., 618, 620, 622, 623.
exception in this section is
7–269, 273, 274. Cited. 41
;" exception to exclusivity
against his employer aris-
iperation of a payloader to
incident within the excep-

tor vehicle" exception dis-
Legislature did not treat or
is section. 46 CS 24.

. Section 31-294 is

30, S. 8; 1961, P.A. 491, S.
S. 67, 159; P.A. 82-472, S.
22; P.A. 90-116, S. 5; P.A.

benefits under the
if a podiatrist to the
racticing physician,

ho has sustained an
e injury to his em-
: fails to report the
mpensation propor-
y reason of the fail-
ll rest upon the em-

equirement of written notice

**Sec. 31-294c. Notice of claim for compensation. Notice contesting liability.** (a) No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury, provided, if death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation within the two-year period or within one year from the date of death, whichever is later. Notice of a claim for compensation may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting from the accident, or the date of the first manifestation of a symptom of the occupational disease and the nature of the disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. An employee of the state shall send a copy of the notice to the Commissioner of Administrative Services. As used in this section, "manifestation of a symptom" means manifestation to an employee claiming compensation, or to some other person standing in such relation to him that the knowledge of the person would be imputed to him, in a manner that is or should be recognized by him as symptomatic of the occupational disease for which compensation is claimed.

(b) Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commission stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested. The employer shall send a copy of the notice to the employee in accordance with section 31-321. If the employer or his legal representative fails to file the notice contesting liability on or before the twenty-eighth day after he has received the written notice of claim, the employer shall commence payment of compensation for such injury or death on or before the twenty-eighth day after he has received the written notice of claim, but the employer may contest the employee's right to receive compensation on any grounds or the extent of his disability within one year from the receipt of the written notice of claim, provided the employer shall not be required to commence payment of compensation when the written notice of claim has not been properly served in accordance with section 31-321 or when the written notice of claim fails to include a warning that (1) the employer, if he has commenced payment for the alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim, shall be precluded from contesting liability unless a notice contesting liability is filed within one year from the receipt of the written notice of claim, and (2) the employer shall be conclusively presumed to have accepted the compensability of the alleged injury or death unless the employer either files a notice contesting liability on or before the twenty-eighth day after receiving a written notice of claim or commences payment for the alleged injury or death on or before such twenty-eighth day. An employer shall be entitled, if he prevails, to reimbursement from the claimant of any compensation paid by the employer on and after the date the commissioner receives written notice from the employer or his legal representative, in accordance with the form prescribed by the chairman of the Workers' Compen-

sation Commission, stating that the right to compensation is contested. Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death.

(c) Failure to provide a notice of claim under subsection (a) of this section shall not bar maintenance of the proceedings if there has been a hearing or a written request for a hearing or an assignment for a hearing within a one-year period from the date of the accident or within a three-year period from the first manifestation of a symptom of the occupational disease, as the case may be, or if a voluntary agreement has been submitted within the applicable period, or if within the applicable period an employee has been furnished, for the injury with respect to which compensation is claimed, with medical or surgical care as provided in section 31-294d. No defect or inaccuracy of notice of claim shall bar maintenance of proceedings unless the employer shows that he was ignorant of the facts concerning the personal injury and was prejudiced by the defect or inaccuracy of the notice. Upon satisfactory showing of ignorance and prejudice, the employer shall receive allowance to the extent of the prejudice.

(P.A. 91-32, S. 11, 41; 91-339, S. 47, 55; P.A. 93-228, S. 8, 35; 93-419, S. 8, 9.)

History: P.A. 91-339 amended Subsec. (b) to change "commissioners" to "chairman of the workers' compensation commission"; P.A. 93-228 amended Subsec. (b) to change the circumstances under which a conclusive presumption of employer liability is established and to allow an employer who successfully contests liability for a claim to recover compensation paid to the claimant, effective July 1, 1993; P.A. 93-419 made technical change in Subsec. (b), replacing "commended" with "commenced", effective July 1, 1993.

Cited. 228 C. 1, 6. Sec. 31-294 (repealed) cited. Id. Cited. 231 C. 529, 543. Cited. 232 C. 780, 781, 784–788. Sec. 31-294 cited. Id. Cited. 237 C. 1, 7. Cited. 239 C. 19. Workers' compensation legislation is remedial and should be broadly construed to accomplish its humanitarian purpose. 252 C. 596. Where workers' compensation appeal involves issue of statutory construction that has not been subjected to judicial scrutiny, Supreme Court has plenary power to review the administrative decision. Id.

Cited. 38 CA 1, 2, 6. Cited. Id., 73, 76. Cited. 44 CA 465. Employer's first report of injury form and an attorney's letter taken together meet statutory requirement of written notice of claim. 52 CA 194. Workers' compensation review board properly concluded that, under the totality of the circumstances, completion of accident investigation form by defendant's fire department indicating that plaintiff had been transported to the hospital for high blood pressure, plaintiff's filing of first report of injury for high blood pressure with defendant's workers' compensation division and the employer's investigative report prepared by the defendant's workers' compensation division for defendant's controller's office constituted "substantial compliance" with notice requirements. 63 CA 570. Does not require that notice of injury by employee include statutory reference. 70 CA 321.

Subsec. (a):

Cited. 237 C. 1, 5. Cited. 239 C. 408. Cited. 240 C. 788. Cited. 242 C. 570. Notice of claim for repetitive trauma injury is sufficient to support a motion to preclude if it provides adequate information as to period of time over which the injury is alleged to have occurred sufficient to allow employer to make timely investigation of the claim. 252 C. 596.

Cited. 40 CA 446, 447. Cited. 42 CA 803. Cited. 44 CA 465. Cited. 45 CA 707. "Accident" and "occupational disease" must be read broadly enough so that even an injury that is defined as stemming from repetitive trauma under Sec. 31-275(8) may be deemed to fall into one of the two categories. 56 CA 90. Without timely written notice of claim, commissioner lacks subject matter jurisdiction over such claim. 68 CA 590. Separate notice of claim not required when dependent pursues derivative claim for death benefit. 71 CA 140.

Subsec. (b):

Cited. 241 C. 692. Notice to contest liability must state both date of alleged injury and specific reasons for contesting compensation. 252 C. 596.

Cited. 30 CA 295, 305. Cited. 40 CA 446, 447. Employer not precluded from challenging commissioner's subject matter jurisdiction. 64 CA 1. Issue of compensability of an injury does not implicate commissioner's subject matter jurisdiction and, accordingly, statutory presumption of liability cannot be circumvented. Id. Does not implicate insurer's right to raise the defense of lack of coverage against an employer. 67 CA 361.

Subsec. (c):

Cited. 237 C. 1, 5, 11.

---

Employer's insurer's payment of medical bills du CA 530. Employee's claim was not time barred becau injuries. 48 CA 357.

**Sec. 31-294d. Medical and surgi** employer, as soon as the employer ha tent physician or surgeon to attend th any medical and surgical aid or hospi tation services and prescription drugs necessary. The employer, any insurer tity acting on behalf of the employer of such prescription drugs directly to

(2) If the injured employee is a marshal, correction officer, emerge driver, firefighter, or active member gaged in volunteer duties, who has b fluids that may carry blood-borne di nursing service provided by the empl phylactic procedure for and treatment

(b) The employee shall select the sicians and surgeons prepared by the sion. If the employee is unable to mal ratification by the employee or his ne sician or if a physician is available following the injury may be rendered select his own physician as provide prior approval of the commissioner.

(c) The commissioner may, with injured employee, when good reasor change of physician or surgeon or h section (a) of this section.

(d) The pecuniary liability of th quired by this section shall be limite or similar communities for similar tr ing when the similar treatment is pa ployer for hospital service shall be t service, as determined by the comm tions, the liability of the employer Comptroller under the provisions o for hospital services in workers' co sioner in accordance with this chapt

(e) If the employer fails to pror and surgical aid or hospital and nu employee may obtain a physician