# EXHIBIT 10

Agreement for compensation approved by commissioner may be modified by him on facts not made known to him though known to the parties. 95 C. 356. Widow bound by agreement signed by her and late husband. 120 C. 280. Cited. 126 C. 491; 128 C. 578; 151 C. 559. Agreement by which employer waived all further claims under Workmen's Compensation Act was binding on him as waiver of his subrogation rights under section 31-293. 157 C. 538. Cited. 159 C. 302. Cited. 177 C. 107, 112. Cited. 231 C. 287, 291. Cited. Id., 469, 480. Cited. 233 C. 14, 15, 17, 19, 20, 22–25. Cited. 237 C. 259, 263. Sums paid pursuant to voluntary agreements are "compensation" and recoverable by employers or Second Injury Fund under Secs. 31-293 and 31-352. 259 C. 325.

Cited. 13 CA 208, 212. Cited. 21 CA 464–466. Cited. 28 CA 113, 120. Cited. 33 CA 490, 491. Cited. 36 CA 298, 299. Cited. 38 CA 754, 758. Cited. 40 CA 36, 38, 40. Cited. 44 CA 771. Cited. 45 CA 324. Meaning of "voluntary agreement" as used in regulation section 31-296-1 discussed. 58 CA 45. Court was within discretion to deny request to execute voluntary agreement that was not a final settlement. Id.

Cited. 4 CS 467; 28 CS 5. Cited. 42 CS 514.

**Sec. 31-296a. Discontinuance or reduction of payments under oral agreements.** No employer shall discontinue or reduce payment on account of total or partial incapacity under any oral agreement or in any case where the employer's acceptance of compensability has been conclusively presumed under subsection (b) of section 31-294c because of failure to file a timely notice contesting liability, if it is claimed by or on behalf of the injured person that his incapacity still continues, unless such employer notifies the commissioner and the employee of the proposed discontinuance or reduction in the manner prescribed in section 31-296 and the commissioner specifically approves such discontinuance or reduction in writing.

(1971, P.A. 510, S. 2; 1972, P.A. 43; P.A. 88-106, S. 2; P.A. 92-31, S. 3, 7.)

History: 1972 act prohibited discontinuing payments "in any case where the employer's acceptance of compensability has been conclusively presumed ... because of failure to file a timely notice contesting liability"; P.A. 88-106 added the provisions regarding the reduction of benefits; P.A. 92-31 made a technical change.

Cited. 28 CA 113, 120.

**Sec. 31-297. Hearing of claims.** If an employer and his injured employee, or his legal representative, as the case may be, fail to reach an agreement in regard to compensation under the provisions of this chapter, either party may notify the commissioner of the failure. Upon such notice, or upon the knowledge that an agreement has not been reached in a case in which a right to compensation may exist, the commissioner shall schedule an early hearing upon the matter, giving both parties notice of time and place not less than ten days prior to the scheduled date; provided the commissioner may, on finding an emergency to exist, give such notice as he finds reasonable under the circumstances. If no agreement has been reached within sixty days after the date notice of claim for compensation was received by the commissioner, as provided in section 31-294c, a formal hearing shall be scheduled on the claim and held within thirty days after the end of the sixty-day period, except that if an earlier hearing date has previously been scheduled, the earlier date shall prevail. Hearings shall be held, if practicable, in the town in which the injured employee resides; or, if it is not practicable to hold a hearing in the town, in any other convenient place that the commissioner may prescribe. Sufficient notice of the hearing may be given to the parties in interest by a brief written statement in ordinary terms of the date, place and nature of the injury upon which the claim for compensation is based.

(1949 Rev., S. 7446; 1958 Rev., S. 31-173; 1961, P.A. 491, S. 19; 1967, P.A. 842, S. 7; P.A. 83-123; P.A. 89-31; P.A. 90-116, S. 9; P.A. 91-32, S. 16, 41.)

History: 1961 act entirely replaced previous provisions; 1967 act divided section into Subsecs., required filing of notice on or before twentieth day after receipt of written notice of claim rather than after "knowledge of alleged injury or death" and specified that employer's failure to file notice contesting liability results in presumption of his acceptance of liability; P.A. 83-

123 required that, if no voluntary agreement has b tion, a formal hearing on the claim shall be sche prior hearing date was previously established; P.. ployer to give notice that he contests a claim for employer's failure to contest shall not constitute when the notice fails to include a warning conce and deleted Subsecs. (b) and (c) re filing of notice

Ten days' notice does not apply to hearing o notice by the employer as to the specific ground the defense of the action. 165 C. 338, 348. Cited.

Cited. 2 CA 365, 374. Cited. 13 CA 208, 21

Cited. 38 CS 331, 332, 333.

Subsec. (a):

Cited. 177 C. 107, 110.

Subsec. (b):

Cited. 165 C. 338, 341–343, 345. Cited (diss ity to pay compensation, not to contests of exten 119–121. Cited. Id. Inquiry on existence of subj Preclusion available to one claimant establishes C. 54, 56. Cited. 218 C. 181, 182, 195. Cited. 22

Held to be constitutional under both state a Cited. 9 CA 91–93. Cited. Id., 425, 426. Cited. precondition to statutory preclusion from contest CA 273–275. Cited. 21 CA 63, 64, 66. Cited. Id not to be applied retroactively. Date of injury ru 654–659. P.A. 90-116, Sec. 9 cited. Id. Cited 30 282. Cited. 42 CA 147. Cited. 45 CA 499. Doe pendents. Notice to last-known address of deced Cited. 38 CS 331, 332, 334, 336, 337. Cited

**Sec. 31-297a. Informal he** sioner or chairman of the Worke tion under the provisions of this sioner or chairman at the informa accept such recommendations, th ties as an award by the commissi not postpone any such informal agree to the postponement.

(P.A. 91-339, S. 17, 55; P.A. 93-228, S. 10

History: P.A. 93-228 authorized chairma effective July 1, 1993.

Cited. 42 CA 147.

**Sec. 31-298. Conduct of h** in person or by attorney or other be required, beyond any informa hearings under the provisions of possible, in accordance with the common law or statutory rules o oral testimony, deposition testin best calculated to ascertain the sions and intent of this chapter. sioner in connection with any l furnish at cost (1) certified copie of record in his office, and (2)

y him on facts not made known to him though
l late husband. 120 C. 280. Cited. 126 C. 491;
ims under Workmen's Compensation Act was
C. 538. Cited. 159 C. 302. Cited. 177 C. 107,
20, 22–25. Cited. 237 C. 259, 263. Sums paid
loyers or Second Injury Fund under Secs. 31-

ited. 33 CA 490, 491. Cited. 36 CA 298, 299.
CA 324. Meaning of "voluntary agreement" as
iscretion to deny request to execute voluntary

yments under oral agreements.
count of total or partial incapac-
employer's acceptance of com-
bsection (b) of section 31-294c
ility, if it is claimed by or on be-
ues, unless such employer noti-
d discontinuance or reduction in
missioner specifically approves

employer's acceptance of compensability has
ng liability"; P.A. 88-106 added the provisions

nd his injured employee, or his
agreement in regard to compen-
may notify the commissioner of
that an agreement has not been
ay exist, the commissioner shall
parties notice of time and place
ided the commissioner may, on
ds reasonable under the circum-
ays after the date notice of claim
s provided in section 31-294c, a
l within thirty days after the end
date has previously been sched-
ld, if practicable, in the town in
cticable to hold a hearing in the
sioner may prescribe. Sufficient
rest by a brief written statement
injury upon which the claim for

A. 842, S. 7; P.A. 83-123; P.A. 89-31; P.A. 90-

ction into Subsecs., required filing of notice on
r "knowledge of alleged injury or death" and
umption of his acceptance of liability; P.A. 83-

123 required that, if no voluntary agreement has been reached within sixty days of the filing of a notice of claim for compensation, a formal hearing on the claim shall be scheduled and held within thirty days of the end of the sixty-day period, unless a prior hearing date was previously established; P.A. 89-31 added Subsec. (c), providing a twenty-eight-day period for an employer to give notice that he contests a claim for injuries sustained on or after October 1, 1989; P.A. 90-116 provided that the employer's failure to contest shall not constitute a conclusive presumption when the notice has not been properly served or when the notice fails to include a warning concerning the time period to contest liability; P.A. 91-32 made technical changes and deleted Subsecs. (b) and (c) re filing of notice that claim is contested, but see Sec. 31-294c.

Ten days' notice does not apply to hearing on motion for extension of time. 109 C. 469. Cited. 159 C. 302. The giving of notice by the employer as to the specific grounds on which the right to compensation is contested is a condition precedent to the defense of the action. 165 C. 338, 348. Cited. 227 C. 333, 339. Cited. 239. C. 408.
Cited. 2 CA 365, 374. Cited. 13 CA 208, 213. Cited. 29 CA 441, 442. Cited. 30 CA 320, 322. Cited. 40 CA 278, 287. Cited. 38 CS 331, 332, 333.
Subsec. (a):
Cited. 177 C. 107, 110.
Subsec. (b):
Cited. 165 C. 338, 341–343, 345. Cited (dissent). 165 C. 338, 351, 353, 356, 357. Applies only to contests of initial liability to pay compensation, not to contests of extent of disability, in requiring filing of a specific defense. 177 C. 107, 110–115, 119–121. Cited. Id. Inquiry on existence of subject matter jurisdiction proper. 207 C. 420–422, 424, 425, 429–433, 436–440. Preclusion available to one claimant establishes compensability as to all eligible claimants. Id., 665, 666, 668–673. Cited. 213 C. 54, 56. Cited. 218 C. 181, 182, 195. Cited. 222 C. 62, 64–66, 68. Cited. 227 C. 333, 340. Cited. 228 C. 535–537, 541–543.
Held to be constitutional under both state and federal constitutions. 2 CA 363–367, 369–371. Cited. Id., 162, 163, 165. Cited. 9 CA 91–93. Cited. Id., 425, 426. Cited. 13 CA 208, 212. Timely filing of a notice of claim under Sec. 31-294 is a precondition to statutory preclusion from contesting liability under this section. Id., 276–281. Cited. 16 CA 676, 677. Cited. 19 CA 273–275. Cited. 21 CA 63, 64, 66. Cited. Id., 610–612, 618. Cited. 22 CA 515, 517. Cited. 25 CA 350–352. Amendment not to be applied retroactively. Date of injury rule applies. 29 CA 441, 443–452. Amendment applied only prospectively. Id., 654–659. P.A. 90-116, Sec. 9 cited. Id. Cited 30 CA 295, 299, 304. Cited. Id., 320. Cited. 33 CA 495, 497. Cited. 40 CA 278, 282. Cited. 42 CA 147. Cited. 45 CA 499. Does not expressly provide for notice to claimants who are not employees or dependents. Notice to last-known address of decedent employee, which was also claimants' address, was adequate. 63 CA 1.
Cited. 38 CS 331, 332, 334, 336, 337. Cited. 39 CS 403, 406.

**Sec. 31-297a. Informal hearings.** In any informal hearing held by the commissioner or chairman of the Workers' Compensation Commission in regard to compensation under the provisions of this chapter, any recommendations made by the commissioner or chairman at the informal hearing shall be reduced to writing and, if the parties accept such recommendations, the recommendations shall be as binding upon both parties as an award by the commissioner or chairman. The commissioner or chairman shall not postpone any such informal hearing if one party fails to attend unless both parties agree to the postponement.

(P.A. 91-339, S. 17, 55; P.A. 93-228, S. 10, 35.)

History: P.A. 93-228 authorized chairman of workers' compensation commission to preside over informal hearings, effective July 1, 1993.

Cited. 42 CA 147.

**Sec. 31-298. Conduct of hearings.** Both parties may appear at any hearing, either in person or by attorney or other accredited representative, and no formal pleadings shall be required, beyond any informal notices that the commission approves. In all cases and hearings under the provisions of this chapter, the commissioner shall proceed, so far as possible, in accordance with the rules of equity. He shall not be bound by the ordinary common law or statutory rules of evidence or procedure, but shall make inquiry, through oral testimony, deposition testimony or written and printed records, in a manner that is best calculated to ascertain the substantial rights of the parties and carry out the provisions and intent of this chapter. No fees shall be charged to either party by the commissioner in connection with any hearing or other procedure, but the commissioner shall furnish at cost (1) certified copies of any testimony, award or other matter which may be of record in his office, and (2) duplicates of audio cassette recordings of any formal