# EXHIBIT 14



**TOWN OF STRATFORD**
Interdepartmental Memorandum

Date:    April 22, 1997

Subject:    Disability Pension Applications

From:    Eileen Murphy, Insurance Coordinator

To:    Disability Review Board Members

Attached are three new applications for disability in the line of duty retirement from the following employees of the Water Pollution Control Plant:

1. Randolph Bond - hired 7/1/73
2. Augusto Correia - hired 12/18/72
3. Bruce Thompson - hired 9/4/73

Randolph Bond was granted a regular pension (years of service) effective 4/3/98 without prejudice against his request for a disability retirement which was tabled. His request for disability retirement is made in accordance with Article 13, Section 13.3 of the Public Works Collective Bargaining Agreement which states "Effective April 1, 1974, the Municipality shall provide all members of the Bargaining Unit with the hypertension or heart disease benefits mandated for Municipal Fire and Police personnel under P.A. 524 under the same terms and conditions as set forth in said Public Act provided, however that any new employee hired on or after November 1, 1978 shall not be eligible for hypertension or heart disease benefits." Also reference Section 25-24 B(1) of the Town Code which states in part, "In the case of firemen and policemen, disablement due to hypertension or heart disease shall be conclusively presumed to be a disability incurred in the line of duty." Mr. Bond suffered a stroke in 1991 and was treated by his CHCP physician and return to full duty work after an absence of approximately 4 months. Records also indicate that he had a previous heart attack in 1993 or 1994. He is currently under the care of Dr. Stephen Urciuoli. Reference his letter of 3/28/97, "As Mr. Randolph Bond's physician, I can attest to the fact that he has suffered permanent damage to his heart as a result of hypertension, Diabetes and Coronary Artery disease. His electrocardiogram indicates a previous heart attack. This was also confirmed by an echocardiogram, which shows a permanent reduction in his heart function of about 30%." At the Towns request an independent medical evaluation for the purpose of a disability rating was done with Dr. Zuli Steremberg on 4/23/97. He assigned a 50% permanent partial impairment (combined values) due to cardiovascular disease. In his 3/19/98 letter Dr. Urciuoli commented "In regards to Mr. Bonds performing the job duties of a lead plant operator, I would recommend that he not be required to do any heavy lifting or shovel snow which would be detrimental to his heart condition." We are having a detailed analysis of his actual job duties done in order to determine the specific physical requirements of his position. Note, Mr. Bond worked full duty up until the date



of his retirement on 4/3/98.

Augusto Correia has filed a similar claim for heart and hypertension benefits. His history includes previous myocardial infarction, "hypertension, hyperlipidemia, and had a two vessel angioplasty" in 1995. His treating physician, Dr. Clifford Kramer, commented on 11/25/97 "He had a stress test on November 5, 1997 and was able to exercise to a level of 7 Mets and he had no symptoms of angina. There was no evidence of myocardial ischemia on his nuclear study and there was no evidence of myocardial ischemia on his electrocardiogram. On the basis of his previous angioplasty and his ability to achieve 7 Mets on the stress test without symptoms or evidence for myocardial ischemia, I would rate the permanency of his disability at 29%." Also reference his letter of 1/27/98, "It is my impression that Mr. Correia is incapable of performing the job duties of a lead treatment plant operator. The requirements of removing heavy pumps, opening and closing large valves, lifting and shoveling snow would be inadvisable from the standpoint of his previous cardiac history." We are also having a job analysis done of Mr. Correia's position and I hope to have that information as soon as possible. Please note, Mr. Correia claims to have injured his back during the course of his employment on 1/15/98 and he has been treated by Dr. Kenneth Lipow for disc herniation and subsequent surgery. We have issued a denial on his claim and to date we have not accepted it as compensable. Mr. Correia has been out of work due to the back injury since 1/15/98.



**TOWN OF STRATFORD**
Interdepartmental Memorandum

Date: April 25, 1997

Subject: Disability Pension Applications

From: Eileen Murphy, Insurance Coordinator  *E. Murphy*

To: Disability Review Board Members

Attached are two new applications for disability in the line of duty retirement from Public Works employee Donald Macuch and Fire Lieutenant Edward Chaffee.

Mr. Macuch has been employed by the Town since 5/28/74 (23 years of service). He is applying for disability in the line of duty retirement based on his condition of heart disease. The applicability of this benefit to employees other than Police and Fire Department members is addressed in the Pension Ordinance as well as the Public Works Union contract. Please reference the following sections of the Pension Ordinance:

> Section 25-24 Eligibility for pension, B (1) Disability Retirement which states in part, "In the case of firemen and policemen, disablement due to hypertension or heart disease shall be conclusively presumed to be a disability incurred in the line of duty."

> Section 25-24 (b) (4) All new members of the pension plan, with the exception of police, firemen, Town Hall and any other members of a bargaining unit who presently are entitled to the heart and hypertension benefit, after the effective date of this subsection, will not be entitled to a job-related disability pension due to hypertension or heart disease."

Also reference the agreement between the Town of Stratford and Public Works Union Local #134, Article 13 - Pensions, Section 13.3 which states:

> "Effective April 1, 1974, the Municipality shall provide all members of the Bargaining Unit with the hypertension or heart disease benefits mandated for Municipal Fire and Police personnel under P.A. 524 under the same terms and conditions as set forth in said Public Act provided, however, that any new employee hired on or after November 1, 1978 shall not be eligible for hypertension or heart disease benefits."

significant exertion. As I have said in the past, lifting heavy objects weighing more than 20-25 lbs. should be prohibited. From what I understand, his work requires the above duty, therefore, I prefer he be retired rather than continue to work and participate in lifting objects as described above." Mr. Macuch has been absent from duty since 3/27/97.

Case 3:03-cv-00674-WWE    Document 35    Filed 02/11/2005    Page 5 of 8

## TOWN OF STRATFORD
## MEMORANDUM

DATE:     June 19, 1998

SUBJECT:  Disability Review Board Information

FROM:     Eileen Murphy, Insurance Coordinator  *E. Murphy*

TO:       Dr. Nicholas Breyan, Disability Review Board


Enclosed is updated information on the pension applications that were forwarded to you earlier this week. That information includes:

1. R. Bond - Job analysis for Treatment Plant Operator.

2. A. Correia - Job analysis for WPC Lead Operator.

3. F. Silvestro - ( 8

Also enclosed for your reference is a copy of Article V, Retirement Plan, of the Stratford Code which details the Pension Plan provisions along with a brief synopsis of the different pension benefits categorized by bargaining unit. Copies of the specific sections of the bargaining unit contracts addressing pension benefits are available upon request.

Should you have any questions, you may contact me at 385-4008.

encs.

TOWN OF STRATFORD
MEMORANDUM

**CONFIDENTIAL**

DATE: June 19, 1998

SUBJECT: Disability Pension Applications

FROM: Eileen Murphy, Insurance Coordinator  *SMurphy*

TO: Disability Review Board Members

Attached are five new applications for disability in the line of duty retirement from the following employees:

1. Randolph Bond, Water Pollution Control, Disability in line of duty.
2. Augusto Correia, Water Pollution Control, Disability in line of duty.
3. Bruce Thompson, Water Pollution Control, Disability in line of duty.
4. Vincent Reilly, Public Works Police Garage, Disability in line of duty.
5. Frederick Silvestro, Parks Division, Disability in line of duty.

Randolph Bond was granted a regular pension (years of service) effective 4/3/98 without prejudice against his request for a disability retirement which was tabled. His request for disability retirement is made in accordance with Article 13, Section 13.3 of the Public Works Collective Bargaining Agreement which states "Effective April 1, 1974, the Municipality shall provide all members of the Bargaining Unit with the hypertension or heart disease benefits mandated for Municipal Fire and Police personnel under P.A. 524 under the same terms and conditions as set forth in said Public Act provided, however that any new employee hired on or after November 1, 1978 shall not be eligible for hypertension or heart disease benefits." Also reference Section 25-24 B(1) of the Town Code which states in part, "In the case of firemen and policemen, disablement due to hypertension or heart disease shall be conclusively presumed to be a disability incurred in the line of duty." Mr. Bond suffered a stroke in 1991 and was treated by his CHCP physician and returned to full duty work after an absence of approximately 4 months. Records also indicate that he had a previous heart attack in 1993 or 1994. He is currently under the care of Dr. Stephen Urciuoli. Reference his letter of 3/28/97, "As Mr. Randolph Bond's physician, I can attest to the fact that he has suffered permanent damage to his heart as a result of hypertension, Diabetes and Coronary Artery disease. His electrocardiogram indicates a previous heart attack. This was also confirmed by an echocardiogram, which shows a permanent reduction in his heart function of about 30%." At the Towns request an independent medical evaluation for the purpose of a disability rating was done with Dr. Zuli Steremberg on 4/23/97. He assigned a 50% permanent partial impairment (combined values) due to cardiovascular disease. In his 3/19/98 letter Dr. Urciuoli commented "In regards to Mr. Bonds performing the job duties

of a lead plant operator, I would recommend that he not be required to do any heavy lifting or shovel snow which would be detrimental to his heart condition." Note, Mr. Bond worked full duty up until the date of his retirement on 4/3/98.