# EXHIBIT 25

| | |
|---|---|
| WCC FILE #400028575 | : CORAM |
| RANDOLPH BOND<br>CLAIMANT | : WORKERS' COMPENSATION<br>  COMMISSION |
| VS | : FOURTH DISTRICT |
| TOWN OF STRATFORD<br>EMPLOYER/RESPONDENT | : MARCH 2, 1998 |

## MOTION TO DISMISS
## SECTION 7-433c (HEART AND HYPERTENSION) CLAIM

The Claimant's Notice of Claim letter, dated February 5, 1997, and Pre-Formal Memo, dated July 8, 1997, seem to indicate that he is making both a Chapter 568 claim for heart disease and/or hypertension based upon repetitive trauma and a claim for benefits pursuant to an Agreement between Stratford Public Works Employees Association Local #134 and the Town of Stratford, which Agreement had provided members hired prior to November 1, 1978 with Connecticut General Statutes § 7-433c benefits mandated for municipal fire and police personnel. To the extent that the Claimant is in fact making a claim for § 7-433c heart and hypertension benefits under said Agreement, this Commission is without subject matter jurisdiction and that claim should be dismissed.

The Employer/Respondent, TOWN OF STRATFORD, has attached a supporting Memorandum of Law.

Respectfully Submitted,

TOWN OF STRATFORD
Employer/Respondent

BY:_____
GEORGE W. BOATH, JR.
Special Assistant Town Attorney
Town Hall - 2725 Main Street
Stratford, CT 06497
(203) 385-4004

ORDER

The foregoing Motion to Dismiss having been heard by this Commission, it is hereby ORDERED:

GRANTED __ / DENIED __,

WORKERS' COMPENSATION
COMMISSION - FOURTH DISTRICT

BY:_____
Commissioner

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing Motion to Dismiss was sent to Attorney James Baldwin, Coles, Baldwin & Craft, LLC, 200 Post Road E., Westport, CT 06880, on March 2, 1998.

 

GEORGE W. BOATH, JR.
Special Assistant Town Attorney

Case 3:03-cv-00674-WWE    Document 35-12    Filed 02/11/2005    Page 4 of 8

| | |
|---|---|
| WCC FILE #400028575 | : CORAM |
| RANDOLPH BOND<br>CLAIMANT | : WORKERS' COMPENSATION<br>COMMISSION |
| VS | : FOURTH DISTRICT |
| TOWN OF STRATFORD<br>EMPLOYER/RESPONDENT | : MARCH 2, 1998 |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The Claimant, RANDOLPH BOND, was hired by the Employer/Respondent, TOWN OF STRATFORD, on July 1, 1973. The Claimant worked in the Water Pollution Control Division of the Stratford Public Works Department. At the time of Mr. Bond's hire, Article 13, Section 13.3 of the Collective Bargaining Agreement between the Stratford Public Works Association, Local #134, and the Town of Stratford, was as follows:

> *Section 13.3 Effective April 1, 1974, the Municipality shall provide all members of the Bargaining Unit with the hypertension or heart disease benefits mandated for Municipal Fire and Police personnel under P.A. 524 under the same terms and conditions set forth in said Public Act provided, however, that any new employee hired on or after November 1, 1978 shall not be eligible for hypertension or heart disease benefits.*

Pursuant to the language in said Agreement, the Claimant appears to be making a claim before this Workers' Compensation Commission for Connecticut General Statutes § 7-433c benefits mandated for municipal fire and police personnel under the same terms and conditions as set forth in § 7-433c.

Section 7-433c of the Connecticut General Statutes only provides certain heart and hypertension benefits to *"a uniformed member of a paid municipal fire department or a regular member of a paid municipal police department."* Connecticut General Statutes § 7-433c.

The Claimant, who is not a member of the fire or police department, seeks to obtain §7-433c benefits in this forum pursuant to said Collective Bargaining Agreement. It is the Employer/Respondent's position that this Commission does not have subject matter jurisdiction to hear this claim and, therefore, the claim should be dismissed.

Administrative agencies such as Workers' Compensation Commissions are tribunals of limited jurisdiction, whose jurisdiction is dependent entirely upon the validity of the statutes vesting them with power, and they cannot confer jurisdiction upon themselves. Once the issue of lack of subject matter jurisdiction is raised, it must be disposed of no matter in what form it is presented, and it must be fully resolved before proceeding further with the case. The Workers' Compensation Act (including § 7-433c) sets the boundaries of our subject matter jurisdiction, which cannot be conferred through consent or waiver. Figueroa v C&S Ball Bearing, 237 Conn. 1, 4 (1996), citing Castro v Viera, 207 Conn. 420, 427-430 (1988). See also, Cunningham v Stamford, 3112 CRB 7-95-7 (12-16-96); In RE: Veterans Memorial Medical Center, 3063 CRB 8-95-5 (5-20-96).

In order for a Commissioner to exercise jurisdiction over a case, the Claimant must adduce evidence sufficient for the Commissioner to conclude there is subject matter jurisdiction over the claim.

Castro, supra., p. 434.

It is clear in this instant case that the Claimant is neither a uniformed member of the fire or police department, and therefore is not entitled to being awarded benefits in a Workers' Compensation forum pursuant to the provisions of § 7-433c of the Connecticut General Statutes. A Commissioner shall only hear claims and questions arising under the provisions of the applicable statutes. § 31-278 Connecticut General Statutes. The above-described Collective Bargaining Agreement cannot confer subject matter jurisdiction to this forum.

For all of the above reasons, the Employer/Respondent respectfully requests that the Claimant's claim for § 7-433c heart and hypertension benefits be dismissed.

TOWN OF STRATFORD
Employer/Respondent

BY:_____
GEORGE W. BOATH, JR.
Special Assistant Town Attorney
Town Hall - 2725 Main Street
Stratford, CT 06497
(203) 385-4004

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing Memorandum in Support of Motion to Dismiss was sent to Attorney James Baldwin, Coles, Baldwin & Craft, LLC, 200 Post Road E., Westport, CT 06880, on March 2, 1998.

 

_____
GEORGE W. BOATH, JR.
Special Assistant Town Attorney