UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| RICHARD SCHIRILLO, AUGUSTO CORREIA And RANDOLPH BOND | Civil Action No. 303cv674 (WWE) |
| v. | |
| TOWN OF STRATFORD and in their Individual capacities EILEEN MURPHY, MICHAEL FEENEY, DORINDA BORER, MARK BARNHART, JACK OBERNESSER, MICHAEL SINGH, and SANDRA ZALIK | May 16, 2005 |

---

## DEFENDANTS' SUPPLEMENTAL BRIEF ADDRESSING SUBSTANTIVE DUE PROCESS

**A.     Elements Required for a Substantive Due Process Claim**

The judicially created substantive component of the due process clause "bars certain arbitrary government actions" affecting an individual's fundamental liberty or property rights regardless of procedural protections.  Monroe v. Pape, 365 U.S. 167, 171-72, 81 S.Ct. 473, 475-76, 5 L.Ed.2d 492 (1961).  In order to sustain a claim of substantive due process, a plaintiff must demonstrate two elements: (1) that the liberty or property interest at issue is a fundamental right implicated in the text of the Constitution, and (2) that the conduct of the government employee or official was so egregious that it shocks the contemporary conscience.  Washington v. Glucksberg, 521 U.S. 702, 720-22, 117 S.Ct. 2258, 2267-69. 138 L.Ed.2d 772 (1997).

B.  **The Plaintiffs Fail to State a Cognizable Substantive Due Process Claim Because Their Property Interest In Employment Benefits Is Not A Fundamental Property Right Protected By Substantive Due Process.**

Here, since no liberty interest is involved, the plaintiffs' substantive due process claims are premised on alleged state contract property rights to certain employment benefits.  Property rights subject to the protections of procedural due process arise from sources independent of the Constitution, such as a contract or state law.  Board of Regents v. Roth, 208 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).  However, property rights within the ambit of substantive due process are far more limited and must be fundamental property rights implicated by the text of the Constitution and be "deeply rooted in this nation's history and tradition."  The source of fundamental rights, including fundamental property rights, protected by the substantive due process clause thus is the Constitution.  Regents of the Univ. of Michigan v. Ewing, 474 U.S. 214, 229 (1989) (Powell, J. concurring) ("While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution, substantive due process rights are created only by the Constitution.")  Most property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as a state statute or contract, not from the Constitution.  Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709 (1972).

A public employee's right to continued employment is substantial enough

to warrant protection for purposes of procedural due process, see <u>Board of Regents v. Roth</u>, supra, 408 U.S. at 577; <u>Perry v. Sindermann</u>, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); <u>Cleveland Board of Educ. v. Loudermill</u>, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), but in an overwhelming majority of circuits which have addressed the issue a government employee's right to continued employment does not constitute a fundamental property right implicating substantive due process.  <u>Nicholas v. Penn. State Univ.</u>, 227 F.3d 133, 143 (3rd Cir. 2000) (State-created right to tenured public employment at a state university held to be unworthy of substantive due process protection); <u>Long Island Public Serv. v. Town of Huntington</u>, 31 F.3d 1191, 1196 (2d Cir. 1994)("We do not think, however, that simple state-law contractual rights, without more are worthy of substantive due process protection."); <u>Singleton v. Cecil</u>, 176 F.3d 419, 425-26 (8th Cir. 1999)(en banc)("a public employee's interest in continued employment with a governmental employer is not so 'fundamental' as to be protected by substantive due process.");  <u>McKinney v. Pate</u>, 20 F.3d 1550, 1560 (11th Cir. 1994)(en banc)("employment rights are not 'fundamental' rights created by the Constitution);  <u>Sutton v. Cleveland Bd. Of Educ.</u>, 958 F.2d 1339, 1350 (6th Cir. 1992)("plaintiffs' state- created right to tenured employment lacks substantive due process protection");  <u>Huang v. Board of Governors of Univ. of North Carolina</u>, 902 F.2d 1134, 1142 n.10 (4th Cir. 1990)(professor's interest in position in university department "is essentially a state law contract right, not a fundamental interest embodied in the Constitution.").

In <u>DeLeon v. Little</u>, 981 F.Supp. 728, 735 n. 5 (D.Conn. 1997), the Court,

while not reaching the issue, expressed doubt as to whether the right of a city employee to continued employment was protected by substantive due process. In footnote 5 the court stated, in part, "The court notes that Roth is a procedural due process case, and expresses doubt over whether there is a corresponding substantive due process right to continued employment, see Albright v. Oliver, 510 U.S. 266, 272, 114 S.Ct. 897, 812, 127 L.Ed.2d 114 (1994) ('The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity.')" Id.

In American Federation of Gov. Employees v. USA, (2003) the plaintiffs claimed that a federal statute violated substantive due process under the Fifth Amendment because of their property interest in federal employment. In rejecting that claim the Court noted that neither the Supreme Court nor the D.C. Court of Appeals had ever recognized an interest in public employment as fundamental and stated,

> "In fact, the Supreme Court has said that its decisions 'give no support to the proposition that a right of government employment per se is fundamental,' Massachusetts Bd. of Ret. v. Murgia, 427 U.S. 307, 313 (1976)(per curiam), a statement the Court later described as a holding that 'there is no fundamental right to government employment' United Bldg. & Constr. Trades Council v. Mayor & Council of Camden, 465 U.S. 208, 219, 104 S.Ct. 1020 (1984). The right that plaintiffs allege is thus not one 'so rooted in the traditions and conscience of our people as to be ranked as fundamental.' Flores, 507 U.S. at 303."

The property interests asserted in the instant case are based on language in the respective collective bargaining agreements providing eligible employees with certain special heart or hypertension benefits, namely, temporary or permanent partial or total disability indemnity benefits equal to those provided for

in Conn. Gen. Stats. §§ 31-307 and 31-308, payments for medical care and prescription drugs without having to use group medical insurance with co-pays, and continuation of group medical benefits under Section 31-284b for the period the plaintiffs were collecting indemnity benefits.  Thus, the property rights here at issue involve contractual employment benefits.   Since continued government employment is not a fundamental right protected by the substantive component of the due process clause, *a fortiori*, a contract-based government employment benefit is not a fundamental right implicating substantive due process.

Not expanding substantive due process protection to a public employee's interest in a contract-based employment benefit comports with the Supreme Court's admonition that the substantive due process doctrine is to be applied with "caution and restraint," Moore v. City of East Cleveland, 431 U.S. 494, 502, 97 S.Ct. 1932, 1937, 52 L.Ed.2d 531 (1997) (plurality opinion, Powell, J.), and the Supreme Court's expressed reluctance to expand the concept of substantive due process.  Collins v. Harker Heights, 503 U.S. 115, 125, 112 S.Ct. 1061, 1068, 117 L.Ed. 261 (1992)(We should "exercise utmost care whenever we are asked to break new ground in this field.")

**C.    There Is No Genuine Issue of Material Fact As To Whether The Conduct Of Any Of The Defendants Was So Egregious As To Rise To The Level Arbitrariness In The Constitutional Sense.**

"The touchstone of due process is protection of the individual against arbitrary action of government.  Wolff v. McDonnell, 418 U.S. 539, 558, 94 S.Ct. 2963, 2976, 41 L.Ed.2d 935 (1974).  The substantive due process guarantee protects against government power arbitrarily and oppressively exercised.

Daniels v. Williams, 474 U.S. 327, 331, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). "[C]riteria to identify what is fatally arbitrary differ depending on whether it is legislative or a specific act of a governmental officer that is at issue. Our cases dealing with abusive executive action have repeatedly emphasized that only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense,' Collins v. Harker Heights, 503 U.S. at 129, 112 S.Ct. at 1071, thereby recognizing the point made in different circumstances, by Chief Justice Marshall, 'that it is a *constitution* we are expounding.' Daniels v. Williams, supra, at 332, 106 S.Ct. at 665 (quoting M'Culloch v. Maryland, 17 U.S. 316, 4 Wheat. 316, 407, 4 L.Ed. 579 (1819) (emphasis in original))." County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).

The substantive component of due process clause is violated by the action of governmental employees only when it "can properly be characterized as arbitrary, or content shocking, in a constitutional sense." Id. at 847. In Lewis, the Supreme Court explained that substantive due process challenges involving conduct by government officials or employees (as opposed to legislation) "raise a particular need to preserve the constitutional proportions of constitutional claims, lest the Constitution be demoted to what we have called a font of tort law. Thus, in the due process challenge to executive action, the threshold question is whether the behavior of the government officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Id. "[W]e have made it clear that the due process guarantee does not entail a body of

constitutional law imposing liability whenever someone cloaked with state authority causes harm." Id. at 848.

The conduct of defendant Murphy and the other individual defendants was not arbitrary at all, let alone so egregiously arbitrary and irrational as to satisfy the arbitrariness requirement in the constitutional sense. Insurance coordinator Murphy denied the contractual heart and hypertension claims made by the plaintiffs as a matter of course because at the time of such denials the medical documentation submitted was not sufficient to establish such claims. The plaintiffs' claims to heart and hypertension benefits equal to those provided to eligible police and firefighters under Connecticut General Statutes Section 7-433c arose from the provisions of their respective collective bargaining agreements. As such, an alleged violation of those contract terms, the same as an alleged violation of any other provision of the respective applicable collective bargaining agreements, was subject to redress under the grievance and arbitration clause. The grievance and arbitration provisions require that grievances be filed within certain time limits, and consequently it was contractually permissible and reasonable for the Town to raise the contractual time limits as a defense in the arbitration proceedings. Indeed, the reasonableness of the Town's position was established by the decision of the neutral arbitration panel upholding the validity of the Town's timeliness challenge and holding that the grievances of some of the plaintiffs were not arbitrable. The benefits provided to eligible employees under the respective collective bargaining agreements are equal to those provided by state statute to uniformed members

of municipal police and fire departments; however, because such benefits are contractual the State of Connecticut Workers' Compensation Commission lacked subject matter jurisdiction to address the plaintiffs' contractually based claims, and the Commission so held.  That the Town for some reason did not assert lack of subject matter jurisdiction in at least one prior situation, of course, in no way precludes the Town from raising that defense in subsequent claims for contractual heart and hypertension benefits before the Workers' Compensation Commission.  In addition, the authority of the Town Pension Board is defined by the pension plan, and there is no evidence that such pension plan documents empowered the Pension Board to award heart and hypertension benefits.  In fact, the relevant provisions of the applicable collective bargaining agreements simply state that employees entitled to contractual heart and hypertension benefits should be awarded a disability pension as though the injury was incurred in the course and scope of employment.  All of the plaintiffs were ultimately awarded "in the line of duty" pensions by the Pension board.  Finally, the plaintiff's contention that the Town officers and employees had a duty to inform the plaintiffs of there rights to file timely grievances is misplaced because the plaintiffs were members of unions that were their respective exclusive representatives in all matters pertaining to the applicable collective bargaining agreements.  The unions, not management, had the duty to explain to the plaintiffs their rights under the collective bargaining agreements, including their rights to file grievances and the contractually mandated time limits within which grievances must be initiated.

In sum, the conduct of the defendant Town employees and officials was not arbitrary at all, let alone so egregiously arbitrary and irrational as to meet the stringent standard to be considered constitutionally arbitrary and conscience-shocking.

**D.    The Individual Defendants Are Entitled To Qualified Immunity.**

A municipal official, officer or employee is entitled to qualified immunity from liability for his discretionary actions if either (1) his "conduct does not violate clearly established [federal] statutory or constitutional rights of which a reasonable person would have known," Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), or (2) it was "objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." Lennon v. Miller, 66 F.3d 416, 420 (2d Cir. 1995). Consideration of the issue of qualified immunity involves a two-step analysis. The trial court must first determine whether the facts demonstrate the deprivation of an actual constitutional right. If so, the court determines whether that right was clearly established at the time of the alleged deprivation. Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002); Conn. v. Gabbert, 526 U.S. 286, 290 (1999). With respect to the second prong of the test, "[i]f a reasonable [employee] could have believed that the challenged conduct was lawful at the time of the violation, then qualified immunity bars the claim." Sira v. Morton, et al., 380 F.3d 57, 69 (2d Cir. 2004).

For the reasons set forth hereinabove, the plaintiffs have failed to allege or prove viable substantive due process claims because the property rights upon which their claims are predicated are contract based rights to certain employment

benefits which as a matter of law are not fundamental rights under the Constitution as required to implicate substantive due process.

Even if the plaintiffs' interest in heart and hypertension benefits under the applicable collective bargaining agreements were somehow found to be "fundamental" property rights inferred by the text of the Constitution, the individual defendants would still be entitled to qualified immunity because based on Supreme Court and Second Circuit precedent in 1998, 1999 and 2000 it was not clearly established that state law contract rights to employment benefits would implicate substantive due process. Nor is it today. Quite the contrary.

As the Third Circuit Court of Appeals so aptly observed in <u>Nicholas v. Penn. State Univ</u>., <u>supra</u>, substantive due process "is an area of law 'famous for controversy, and not known for its simplicity.' " (citations omitted). Moreover, both the Supreme Court and the Second Circuit cases involving substantive due process strongly indicate that contract based employment rights are not fundamental property rights entitled to protection under substantive due process. Indeed, such cases very strongly, if not definitively, show that state law-created or contract-created rights to continued public employment are outside the ambit of substantive due process protection, let alone contract-based rights to benefits attendant to such public employment.

In sum, in light of pre-existing law, either no reasonable municipal employee or official would have believed that his or her conduct in issuing a denial of the employment benefits arising out of the provisions of a collective bargaining agreement could possibly have implicated substantive due process,

or at the very least municipal officials and employees could reasonably disagree as to whether such conduct violated the substantive component of the due process clause. Accordingly, the individual defendants are entitled to qualified immunity.

E. **Defendants Barnhart and Feeney Were Not Personally Involved In The Alleged Deprivation and There Is No Basis Under <u>Monell</u> For Imputing Liability To The Town.**

The plaintiffs have failed to allege or prove that Town Manager Barnhart or his successor Town Manager Feeney were personally involved in the alleged constitutional deprivations as required to impose liability under section 1983. Defendant Eileen Murphy who reported to the Town Director of Human Resources who in turn reported to the Town Manager as a matter of law did not possess final authority to establish municipal policies on behalf of the defendant Town of Stratford. The plaintiffs do not aver in their complaint either a failure to train or a failure to supervise, let alone any facts sufficient to constitute any of the three requirements necessary to constitute the "deliberate indifference" required to sustain such claims. See <u>Walker v. City of New York,</u> 974 F.2d 293 (2d Cir. 1992). Nor is there any allegation or evidence that either of the defendant town managers ordered or ratified defendant Murphy's decisions to deny the plaintiffs' claims for contractual heart and hypertension benefits. See <u>Amnesty America v. Town of West Hartford</u>, 364 F.3d 113 (2d cir. 2004). Consequently, as a matter of law there is no basis for imposing section 1983 liability under <u>Monell</u> on the

defendant Town of Stratford.  <u>Id.</u>

                          THE DEFENDANTS
                          TOWN OF STRATFORD, EILEEN
                          MURPHY, MICHAEL FEENEY,
                          DORINDA BORER,
                          MARK BARNHART and JACK
                          OBERNESSER


                          _____//s//_____
                          Warren L. Holcomb, Esq.
                           Berchem, Moses & Devlin, P. C.
                          75 Broad Street
                          Milford,  CT   06460
                          (203) 783-1200
                          Federal Bar No. ct 13127
                          wholcomb@bmdlaw.com

## CERTIFICATION

      This is to certify that a copy of the foregoing was mailed this date by U.S. Mail first class, postage prepaid to the following:

James T. Baldwin, Esq.
1261 Post Road
P.O. Box 577
Fairfield, CT  06824

                                              _____//s//_____
                                              Warren L. Holcomb, Esq.